STEPHEN C. BOMBERO *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF TRUMBULL (13780)

Dupont, C. J., Landau and Schaller, Js.

Argued September 27, 1995—decision released January 9, 1996

*Barbara F. Green*, for the appellant (plaintiff).

*Burton S. Yaffie*, for the appellee (defendant).

DUPONT, C. J. The plaintiff appeals from a declaratory judgment in which the trial court refused to grant declaratory relief because it concluded that there was no actual controversy between the parties. The plaintiff claims that the trial court improperly concluded that he was not entitled to seek declaratory relief. We agree with the plaintiff and conclude that the plaintiff has shown the requisite degree of uncertainty as to his rights as a property owner, sufficient to entitle him to seek declaratory relief.

Certain facts and procedural history are relevant to this appeal. The plaintiff brought this declaratory judgment action, challenging the constitutionality of an amended Trumbull subdivision regulation.[1] It is the second action brought by the plaintiff involving the same regulation. In the earlier action, the plaintiff and nine other individuals appealed from the enactment of the amendment to the Superior Court, claiming, among other things, that the amendment was impermissibly vague. The trial court sustained the plaintiff's appeal

---

[1] The disputed amendment that was adopted by the defendant planning and zoning commission of the town of Trumbull provides as follows: "Land with existing slopes of more than 25 per cent, or areas which have been designated as inland wetlands, or areas lying within a 100-year flood plain mapped by the Federal Flood Insurance Administration is environmentally sensitive land, and shall be excluded from the minimum lot size or acreage requirements set forth on the schedule in Article III of the Zoning Regulations, to the extent that such environmentally sensitive land exceeds 50 per cent of such parcel."

and issued a ruling that "the regulation is . . . void for vagueness." The trial court in a subsequent written memorandum of decision stated that the "regulation lacks standards sufficient to guide the commission and to enable those affected to know their rights and obligations."

Upon our granting of a petition for certification, the defendant planning and zoning commission of the town of Trumbull (commission) appealed to this court. That appeal was transferred to our Supreme Court pursuant to Practice Book § 4023. Our Supreme Court held that "where, as here, the plaintiff mounts a general attack on the legislative enactment of a regulation, primarily based on constitutional vagueness grounds, and combines therewith nonconstitutional grounds for the regulation's invalidity, he must do so by a declaratory judgment action rather than by an appeal from the enactment. Thus, the plaintiffs in this case should have brought a declaratory judgment action in order to raise their challenges to the facial invalidity of the regulation." *Bombero* v. *Planning & Zoning Commission*, 218 Conn. 737, 745–46, 591 A.2d 390 (1991). Accordingly, the plaintiff then brought the present declaratory judgment action.

Following a hearing and testimony, the trial court denied the plaintiff's request for declaratory relief and held that "there is no actual controversy between the parties as required by Connecticut Practice Book § 390 (a) and (b) and that there is no sufficient practical need for the declaratory judgment which the plaintiff seeks."

In this appeal, the plaintiff claims that (1) the trial court improperly held that the plaintiff is not entitled to seek declaratory relief, (2) the regulation adopted by the commission implicates the provisions of both article first, § 8, of the constitution of Connecticut and the fourteenth amendment to the United States consti-

tution because the language of the regulation is vague and ambiguous, (3) the action taken by the commission in enacting the regulation is outside the scope of the authority vested in it by the provisions of General Statutes § 8-25, (4) the action taken by the commission in enacting the regulation constitutes a taking of the plaintiff's land without just compensation and is in violation of article first, § 11, of the constitution of Connecticut as well as the fourteenth amendment to the United States constitution. With the exception of the first claim, all of these claims were made in the first action involving the same amendment to the subdivision regulation.

The purpose of a declaratory judgment action, as authorized by General Statutes § 52-29[2] and Practice Book § 390,[3] is to "secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." *Connecticut Assn. of Health Care Facilities, Inc.* v. *Worrell*, 199 Conn. 609, 613, 508 A.2d 743 (1986). Section 52-29 (a) permits the Superior Court to "declare rights and other legal relations." Similarly, Practice Book § 390 (a) authorizes a court to render a declaratory judgment if a plaintiff has a legal interest "by reason

---

[2] General Statutes § 52-29 (a) provides: "The superior court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment."

[3] Practice Book § 390 provides: "—Conditions

"The court will not render declaratory judgments upon the complaint of any person:

"(a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or

"(b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or

"(c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or

"(d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

of danger of loss or of *uncertainty as to his rights* or other jural relations . . . ." (Emphasis added.) "The provision [of Practice Book § 390] that there must be an issue in dispute or an uncertainty of legal relations which requires settlement between the parties means no more than that there must appear a sufficient practical need for the determination of the matter." *Larkin* v. *Bontatibus*, 145 Conn. 570, 575, 145 A.2d 133 (1958).

Statutes and rules relating to the remedy of declaratory judgments are given a liberal construction to effectuate their purposes. *Connecticut Savings Bank* v. *First National Bank & Trust Co.*, 133 Conn. 403, 409, 51 A.2d 907 (1947). "One great purpose is to enable parties to have their differences *authoritatively settled in advance of any claimed invasion of rights*, that they may guide their actions accordingly and often may be able to keep them within lawful bounds, and so avoid the expense, bitterness of feeling and disturbance of the orderly pursuits of life which are so often the incidents of law suits. Fully to carry out the purposes intended to be served by such judgments, *it is sometimes necessary to determine rights which will arise or become complete only in the contingency of some future happening. Even if the right claimed . . . is a contingent one, its present determination may well serve a very real practical need of the parties for guidance in their future conduct.* A construction of our statute and rules which would exclude from the field of their operation the determination of rights, powers, privileges and immunities which are contingent upon the happening or not happening of some future event would hamper their useful operation." (Emphasis added.) *Sigal* v. *Wise*, 114 Conn. 297, 301–302, 158 A. 891 (1932).

Our Supreme Court has recognized that its "cases have not always been consistent in requiring a declaratory judgment action as the method by which to chal-

lenge the validity of zoning or planning regulations. Compare *Bottone* v. *Westport*, 209 Conn. 652, 553 A.2d 576 (1989), *Blue Sky Bar, Inc.* v. *Stratford*, 203 Conn. 14, 523 A.2d 467 (1987), *Aunt Hack Ridge Estates, Inc.* v. *Planning Commission*, 160 Conn. 109, 273 A.2d 880 (1970), *Calve Bros. Co.* v. *Norwalk*, 143 Conn. 609, 124 A.2d 881 (1956), *Gohld Realty Co.* v. *Hartford*, 141 Conn. 135, 104 A.2d 365 (1954), *Cristofaro* v. *Planning & Zoning Commission*, [11 Conn. App. 260, 527 A.2d 255, cert. denied, 204 Conn. 810, 528 A.2d 1156 (1987)] (declaratory judgment actions), with *Carofano* v. *Bridgeport*, 196 Conn. 623, 495 A.2d 1011 (1985) (injunction), *New Milford* v. *SCA Services of Connecticut, Inc.*, 174 Conn. 146, 384 A.2d 337 (1974) (injunction), *Sonn* v. *Planning Commission*, 172 Conn. 156, 374 A.2d 159 (1976) (appeal), *Zenga* v. *Zebrowski*, 170 Conn. 55, 364 A.2d 213 (1975) (appeal)." *Bombero* v. *Planning & Zoning Commission*, supra, 218 Conn. 744. Although the Supreme Court did not reconcile these cases, it did make clear that a declaratory judgment, rather than a statutory appeal, was the correct means of obtaining relief for the plaintiff in this case because he had made both constitutional and unconstitutional claims, which he could not do in a statutory appeal. Id., 745.

In spite of the acknowledged variance to be found among the holdings of cases where declaratory relief has been sought, certain principles and recurrent factors have emerged. A plaintiff should have a legal or equitable interest in the controversy. See *Steeneck* v. *University of Bridgeport*, 235 Conn. 572, 579, 668 A.2d 688 (1995); *Lipson* v. *Bennett*, 148 Conn. 385, 389, 171 A.2d 83 (1961); *Board of Education* v. *Board of Finance*, 127 Conn. 345, 347–48, 16 A.2d 601 (1940). A plaintiff should need an authoritative settlement of that interest so that he may avoid the expense of future litigation or action. *Sigal* v. *Wise*, supra, 114 Conn. 301. The trial court should consider equitable principles in determin-

ing the rights of the parties. *Middlebury* v. *Steinmann*, 189 Conn. 710, 715, 458 A.2d 393 (1983). A declaratory judgment action may be used to determine the constitutionality of a particular statute or regulation. *St. John's Roman Catholic Church Corp.* v. *Darien*, 149 Conn. 712, 718, 184 A.2d 42 (1962) (action for declaratory judgment determining constitutionality of municipal zoning regulations governing location of parochial schools); *Karen* v. *East Haddam*, 146 Conn. 720, 155 A.2d 921 (1959) (action for declaratory judgment determining constitutionality of local ordinance governing licensing of trailer and mobile home parks); *Cyphers* v. *Allyn*, 142 Conn. 699, 118 A.2d 318 (1955) (action for declaratory judgment determining constitutionality of act governing licensing of real estate brokers and salesmen).

In land use cases, a plaintiff who has applied to an administrative agency for a permit, variance, subdivision or similar relief, cannot attack the constitutionality of the provision governing the issuance of that relief when appealing from that agency's decision. *Bierman* v. *Westport Planning & Zoning Commission*, 185 Conn. 135, 139, 440 A.2d 882 (1981) (appeal from denial of site plan application); *J & M Realty Co.* v. *Norwalk*, 156 Conn. 185, 191, 239 A.2d 534 (1968) (subdivision appeal); *Strain* v. *Zoning Board of Appeals*, 137 Conn. 36, 38–39, 74 A.2d 462 (1950) (application to build garage). A plaintiff may, however, attack the constitutionality of the regulations in an independent proceeding. *St. John's Roman Catholic Church Corp.* v. *Darien*, supra, 149 Conn. 718.

The plaintiff was previously found by another trial court to be adversely affected by the regulation.[4] The

---

[4] The trial court in *Bombero* v. *Planning & Zoning Commission*, supra, 218 Conn. 740, concluded that the plaintiff and others were aggrieved by the passage of the regulation because they owned undeveloped parcels of land in the town that were large enough to be subdivided and that each

Supreme Court in that case directed the plaintiff to seek relief by means of a declaratory judgment. *Bombero* v. *Planning & Zoning Commission,* supra, 218 Conn. 745.

The plaintiff in the present case claims that the regulation is void for vagueness and has presented evidence that the validity of the regulation is a question in which other property owners may have an interest. *Cioffoletti* v. *Planning & Zoning Commission,* 209 Conn. 544, 563, 552 A.2d 796 (1989). If the plaintiff had filed a subdivision application with the defendant commission in an attempt to determine conclusively whether the regulation prohibited him from subdividing his property, he could not have simultaneously appealed from the denial of that application and also attacked the constitutionality of the zoning regulation. *Bierman* v. *Planning & Zoning Commission,* 185 Conn. 135, 139, 440 A.2d 882 (1981).

We are not aware of any Connecticut case that requires a plaintiff first to apply for a permit, variance, subdivision or other similar relief before the plaintiff can be permitted to bring a subsequent declaratory judgment action in order to determine the constitutionality of the regulation that governs such relief. Such a requirement would not be in keeping with the highly remedial relief afforded by declaratory judgment actions. See *Sigal* v. *Wise,* supra, 114 Conn. 301–302. We must also, nevertheless, recognize the fundamental requirement that in order to attack the constitutionality of regulations, the plaintiff must demonstrate that his interests are adversely affected in that a legal or equitable interest is uncertain or in danger of loss. *St. John's Roman Catholic Church Corp.* v. *Darien,* supra, 149 Conn. 718.

parcel either contained an area of more than 25 percent slope or an area that had been designated as wetlands on the town's wetlands map. The finding of aggrievement was not reviewed on appeal although the commission claimed on appeal that the trial court had improperly found aggrievement.

The requirement of standing in a declaratory judgment is often satisfied by the plaintiff's showing that he has applied for a permit, variance, subdivision or other such relief, and that he has been denied such relief. See *J & M Realty Co.* v. *Norwalk,* supra, 156 Conn. 187 (plaintiff's subdivision application denied by common council); see also *St. John's Roman Catholic Church Corp.* v. *Darien,* supra, 149 Conn. 715 (defendant planning and zoning commission denied plaintiff's application for special building permit). Our Supreme Court, however, has permitted declaratory judgment actions to be used to determine the constitutionality of a statute or regulation without requiring the plaintiff to have first applied for relief under that statute or regulation. See *Aaron* v. *Conservation Commission,* 178 Conn. 173, 179, 422 A.2d 290 (1979) (remanding declaratory judgment action brought by plaintiff to determine whether defendant conservation commission had jurisdiction to issue inland wetlands permit where plaintiff refused to apply for such permit); see also *Karen* v. *East Haddam,* supra, 146 Conn. 725 (declaratory judgment rendered in action brought to determine validity of ordinance regulating trailer parks where plaintiff refused to seek permit required by such ordinance). In other words, standing to bring a declaratory judgment action is not necessarily dependent on conclusive negative action taken against the plaintiff in a prior proceeding.

On one occasion, our Supreme Court used its discretion to permit a plaintiff to bring a declaratory judgment action in order to determine the constitutionality of legislation governing the licensing of real estate brokers despite the plaintiff's having applied for and been granted a real estate broker's license under the provisions of that legislation. *Cyphers* v. *Allyn,* supra, 142 Conn. 702. In that case, the Supreme Court found that "[w]hether there is a valid reason for refusing to enter-

tain this action for a declaratory judgment need not be analyzed. The reservation presents questions of such public interest with respect to real estate brokers and agents that, in our discretion, we have decided to pass upon them. *Ruppert* v. *Liquor Control Commission*, 138 Conn. 669, 673, 88 A.2d 388 [1952]." *Cyphers* v. *Allyn*, supra, 702.

The principal issue in this case is whether the plaintiff has demonstrated that he is adversely affected by the regulation. "Standing requires no more than a colorable claim of injury . . . ." *Maloney* v. *Pac*, 183 Conn. 313, 321 n.6, 439 A.2d 349 (1981). We conclude that on the basis of the facts presented, the plaintiff has standing to bring a declaratory judgment action because, pursuant to Practice Book § 390 (a) and (b), he is adversely affected by the regulation. The fact that the plaintiff owns property that can be subdivided, which is clearly within the purview of the zoning regulation, coupled with the plaintiff's general attack on the legislative enactment of the regulation, based primarily on constitutional vagueness grounds, and the language of *Bombero* v. *Planning & Zoning Commission*, supra, 218 Conn. 745, suggesting that a declaratory judgment action was the proper vehicle to raise his constitutional challenge to the regulation in question, constitutes sufficient aggrievement for the plaintiff to seek declaratory relief.

The defendant in this case asserts that the allegations of the plaintiff's complaint are insufficient to support his claim for relief and argues that our decision in *ASL Associates* v. *Zoning Commission*, 18 Conn. App. 542, 599 A.2d 536 (1989), controls the outcome of the present case. Believing that *ASL Associates* was analogous to the present case, the trial court relied on that decision in concluding that there was no actual controversy between the parties. We conclude, however, that *ASL Associates* v. *Zoning Commission*, supra, 542, is not dispositive of the present appeal.

In *ASL Associates,* a plaintiff land development company sought declaratory relief to determine the applicability of a town zoning regulation to the plaintiff's special building permit. At the joint request of the parties, the trial court granted a motion for reservation upon stipulated facts to have this court resolve questions concerning the construction of a zoning regulation. The plaintiff's sole allegation relating to the defendant commission's actions was as follows: " '*If* the Zoning Commission takes action to declare the permit void, the plaintiff will be irreparably injured thereby.' " (Emphasis in original.) Id., 547. Because the plaintiff's complaint failed to raise any claim that the defendant commission had applied the regulation in question to its detriment, we concluded that the plaintiff failed to allege any actual controversy between the parties as required by Practice Book § 390 (b) and, therefore, declined to answer the reserved questions. Id.

The prerequisite determination of whether there is a substantial controversy or a sufficient uncertainty of legal relations that requires settlement between the parties must be made in the light of the particular circumstances involved in each case. *Bania* v. *New Hartford,* 138 Conn. 172, 175, 83 A.2d 165 (1951). "The complaint must state facts sufficient to set forth a cause of action entitling the plaintiff to a declaratory judgment. 1 Anderson, Declaratory Judgments (2d Ed.) § 257. To state a cause of action for such relief, facts showing the existence of a substantial controversy or uncertainty of legal relations which requires settlement between the parties must be alleged. Ordinarily, there should be an assertion in the pleadings by one party of a legal relation or status or right in which he has a definite interest, together with an assertion of the denial of it by the other party, thus setting forth a substantial dispute. Id., § 258." *Lipson* v. *Bennett,* supra, 148 Conn. 389. "Unless, therefore, the complaint recites facts

which present a question or issue not determined by the previous decisions, or in relation to which a substantial uncertainty of legal relations remains and requires settlement, no basis for a declaratory judgment has been presented." *Trubek* v. *Ullman*, 147 Conn. 633, 635, 165 A.2d 158, cert. denied, 367 U.S. 907, 81 S. Ct. 1917, 6 L. Ed. 2d 1249 (1960).

In the present case, we agree with the commission's assertion that the plaintiff's complaint fails to allege that he has been adversely affected as an owner of property that can be subdivided. The complaint does not allege that the disputed regulation prohibits the plaintiff from subdividing his property nor does the complaint allege that the plaintiff ever intends to file a subdivision application. The omission of an essential allegation in a complaint, however, is not necessarily a fatal deficiency where that deficiency should have been raised before trial, and the trial is conducted as though the allegation were present. *Tedesco* v. *Stamford*, 215 Conn. 450, 457, 576 A.2d 1273 (1990).

"The absence of a requisite allegation in a complaint that would have justified the granting of a motion to strike, however, is not a sufficient basis for vacating a judgment unless the pleading defect has resulted in prejudice. . . . Want of precision in alleging the cause of an injury for which an action is brought, is waived by contesting the case upon its merits without questioning such defect. *Gargan* v. *Harris*, 90 Conn. 188, 191, 96 A. 940 (1916). . . . Our rules of practice are designed to have all formal and technical objections made known as early as practicable, so that the plaintiff may amend or proceed anew, and the parties may, as expeditiously and inexpensively as possible, reach and settle their controversy upon its merits. *Donaghue* v. *Gaffy*, 53 Conn. 43, 52 (1885). The appeal process should not be utilized to seek to correct pleading deficiencies the party complaining clearly could have remedied under

our rules in the trial court. *Fuessenich* v. *DiNardo*, 195 Conn. 144, 149, 487 A.2d 514 (1985)." (Citations omitted; internal quotation marks omitted.) *Tedesco* v. *Stamford,* supra, 215 Conn. 457–58.

The defendant commission was not prejudiced by the plaintiff's failure to allege in his complaint that the disputed regulation caused the plaintiff to be uncertain as to his rights as an owner of potentially subdividable property. The plaintiff attempted to litigate the same issue in the previous action, and the Supreme Court stated that the plaintiffs in that case "should have brought a declaratory judgment action" to challenge "the facial invalidity of the regulation." *Bombero* v. *Planning & Zoning Commission,* supra, 218 Conn. 745–46. Upon review of the entire record, including the testimonial evidence, it is clear that the crux of the plaintiff's claim is that he has been adversely affected because of that uncertainty. Unlike our conclusion in *ASL Associates* v. *Zoning Commission,* supra, 18 Conn. App. 542, which was before us pursuant to stipulation of the parties, in the present case we conclude that there was sufficient testimony before the trial court to evidence the plaintiff's uncertainty as to his rights as an owner of property that has the potential for subdivision.

The trial court found that the plaintiff was unable to allege or prove any adverse impact on his property from the adoption of the regulation because "[h]e has not applied to subdivide the property nor has he expressed any intention ever to do so." The fact that the plaintiff has not applied to subdivide his property is not determinative of whether the plaintiff has been adversely affected by the adoption of the regulation. Here, the plaintiff argues that he has been adversely affected by the adoption of the regulation because it is unconstitutionally vague and ambiguous. As a result, the plaintiff claims that he is uncertain whether he is able to subdivide his property in accordance with the provisions of

the regulation. As an owner of property that has the potential for subdivision, the plaintiff is entitled to be able to ascertain with reasonable certainty the validity of the adopted regulation and its affect on his rights as a property owner. While the plaintiff's pleadings "for a declaratory judgment lack the clarity of specific statement which is desirable where such a judgment is sought, they suffice to warrant our passing upon the fundamental and controlling inquiry . . . ." *Bania* v. *New Hartford*, supra, 138 Conn. 175–76.

We note that title 22a of the General Statutes, entitled "Environmental Protection," confers standing on private persons to bring actions to protect the environment. *Belford* v. *New Haven*, 170 Conn. 46, 53–54, 364 A.2d 194 (1975). Any member of the general public can initiate an independent declaratory judgment action under General Statutes § 22a-16[5] in order to raise issues involving the public trust in air, water, or other natural resources of the state. Pursuant to General Statutes § 22a-19 (a),[6] a member of the general public may inter-

[5] General Statutes § 22a-16 provides: "The attorney general, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may maintain an action in the superior court for the judicial district wherein the defendant is located, resides or conducts business, except that where the state is the defendant, such action shall be brought in the judicial district of Hartford-New Britain, for declaratory and equitable relief against the state, any political subdivision thereof, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity, acting alone, or in combination with others, for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction provided no such action shall be maintained against the state for pollution of real property acquired by the state under subsection (e) of section 22a-133m, where the spill or discharge which caused the pollution occurred prior to the acquisition of the property by the state."

[6] General Statutes § 22a-19 (a) provides: "In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the attorney general, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof,

vene in an existing judicial review of an agency action. *Connecticut Water Co.* v. *Beausoleil*, 204 Conn. 38, 44–45, 526 A.2d 1329 (1987). The plaintiff has not claimed any right to a declaratory judgment arising from our environmental protection statutes. His claim to a declaratory judgment is based on the probable adverse effect that the regulation will have on his right to subdivide his own land, which is allegedly environmentally sensitive. The right to bring a declaratory judgment action in this case should at least be equivalent to that of a member of the general public who complains of a breach of the public trust in a similar context.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."