[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is a motion to dismiss the above captioned action on the ground of lack of subject matter jurisdiction, pursuant to Practice Book § 143(1). This motion, dated November 22, 1996, is denied for the reasons hereinafter stated.
The plaintiffs, Richard S. Ward and Richard C. Schmitz, allege in the first count of their verified complaint, dated October 31, 1996,[1] that on June 19, 1995, the defendant town of New Canaan's Environmental Commission issued a license to the defendant town and to the defendants, Fletcher-Thompson, Inc. and Ashforth Properties Construction, Inc., d/b/a A.P. Construction Company, the town's architect and contractor, respectively. The license permitted these defendants to conduct "regulated activities" in what is designated a "regulated area" because it contains wetlands and watercourses, in accordance with General CT Page 224 Statutes § 22a-36 et seq., the Inland Wetlands and Watercourses Act, and the Inland Wetlands and Watercourses Regulations of New Canaan. The activities in question involve relocating a ball field and adjacent site work in connection with additions and alterations to the 47 acre site of the West School, an elementary school on Ponus Ridge Road, New Canaan.
The plaintiffs allege in the first count of their complaint that they live at 77 Winfield Lane and 110 Winfield Lane, New Canaan, respectively, and that their homes abut the property which is the subject of this action. The plaintiffs further allege that the application to the defendant Environmental Commission was defective and failed to properly delineate certain wetlands at the subject premises, that the plaintiffs never received notice of the application or the subsequent hearing of the Environmental Commission at which the license to conduct regulated activities was granted, and that the defendants have violated state and local inland wetlands and watercourses laws and regulations, as well as many conditions of the license.
In the second count of the complaint, the plaintiffs allege that the defendants are impairing the water and natural resources in the area. The third count essentially repeats the allegations of the first count, but adds that the activities of the defendants are also causing runoff and erosion on property of the plaintiffs. The fourth count contends that the acts and omissions of the defendants constitute a trespass. In the fifth count, the plaintiffs allege that the Environmental Commission and its agent, A. Briggs Geddis, are failing to enforce the state and local inland wetlands and watercourses laws and regulations. In the sixth count, the plaintiffs claim that the activities of the defendants constitute a private nuisance and that the plaintiffs have no adequate remedy at law.
In their prayers for relief, the plaintiffs seek orders directing the defendants to properly mark all wetlands boundaries, to implement sedimentation and soil erosion controls, to cease excavating within fifty feet of the plaintiffs' property lines, to cease work within twenty-five feet of any wetland and to cease any work which causes water runoff on the plaintiffs' properties. The plaintiffs also seek both a writ of mandamus directing the defendants to comply with all conditions of the license, and civil penalties as authorized by state and local laws and regulations. CT Page 225
The motion by the town of New Canaan, the town's Environmental Commission and Geddis, hereinafter referred to as the defendants, to dismiss this action is based on four grounds: (1) the plaintiffs have failed to exhaust their administrative remedies; (2) the moving defendants are entitled to governmental immunity; (3) the plaintiffs lack standing to bring the within action; and (4) there is a prior action pending.
A motion to dismiss "is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 625 n. 4, 461 A.2d 991 (1983). A motion to dismiss "admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). The complaint is to be construed most favorably to the plaintiff. Antinerella v. Rioux, 229 Conn. 479, 489,642 A.2d 699 (1994).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong . . . . That determination must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction . . . . We have recognized an exception to the exhaustion requirement where recourse to the administrative process is futile or provides an inadequate remedy . . . . An administrative remedy is futile or inadequate if the agency lacks authority to grant the requested relief." (Citations omitted. Internal quotation marks omitted.)Savoy Laundry, Inc. v. Stratford, 32 Conn. App. 636, 639-40,630 A.2d 159, cert. denied, 227 Conn. 931, 632 A.2d 703 (1993).
The first ground for the present motion to dismiss for lack of subject matter jurisdiction involves the defendants' claim that the plaintiffs failed to exhaust their administrative remedies when they admittedly failed to appeal from the June 19, 1995 published decision of the Environmental Commission to issue a license to the defendants to conduct regulated activities.
The second ground for the defendants' motion is a claim that the Environmental Commission and its agent Geddis have "governmental immunity" because the decisions of whether to grant a license and what conditions to impose on the license involve the defendants' "discretion." The movants also assert that the town is immune from liability for storm water runoff, a condition which the plaintiffs allege in their complaint. CT Page 226
The third ground is that the moving parties have no "standing" to complain that the conditions imposed by the Environmental Commission are being violated. Although the defendants appear to agree that any person has the right to seek to restrain violations of "sections" of the Inland Wetlands and Watercourses Act pursuant to General Statutes § 22a-44, the defendants argue that there is no authority to restrain violations of conditions attached to a license to conduct regulated activities.
The fourth ground for the motion to dismiss is based on the prior pending action doctrine. The plaintiffs in the present case are also appealing certain zoning decisions of the New Canaan Zoning Board of Appeals involving actions of the zoning enforcement officer and the granting of zoning and building permits. The defendants claim that "some of the violations" in the zoning appeal, docket 96-0152353, are also alleged in this present case, and that the zoning appeal should be decided first, on the basis that the two cases "involve the same parties and similar issues."
The defendants' motion to dismiss is denied because this court has jurisdiction to entertain this action under the authority of both the state statute and local regulations. Specifically, General Statutes § 22a-44 (b) of the Inland Wetlands and Watercourses Act grants this court jurisdiction to entertain any action brought by "any person" seeking to "restrain" violations of the act by "any person." "Person" is defined to include "governmental agencies or subdivisions." General Statutes § 22a-38 (2). The language of this statute seems clear, and the defendants have not cited any case limiting its broad scope.
"Our analysis commences with a review of the text of the act. In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended . . . . When the language is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent . . . . Indeed, [a] basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, [generally] there is no room for construction . . . ." (Citations omitted. Internal quotation marks omitted.) MattatuckCT Page 227Museum-Mattatuck History Society v. Administrator, 238 Conn. 273,278-79, 679 A.2d 347 (1996).
Also cited as affording subject matter jurisdiction to this court is General Statutes § 22a-16 of the Environmental Protection Act. This statute provides that any person may maintain an independent action in this court for equitable relief, such as an injunction, against any person or subdivision of the state "for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction . . . ." "The decisions of our Supreme Court clearly set out that the purpose of Environmental Protection Act (EPA), General Statutes § 22-14
et seq., is to give private citizens a voice in ensuring that the air, water and other natural resources of the state remain protected, preserved and enhanced, and to provide them with an adequate remedy to protect the air, water and other natural resources from unreasonable pollution, impairment or destruction . . . . [E]nvironmental statutes are remedial in nature and should be construed liberally to accomplish their purposes." (Citations omitted. Internal quotation marks omitted.)Zoning Commission v. Fairfield Resources Management, Inc.,41 Conn. App. 89, 106-07, 674 A.2d 1335 (1996).
In arguing to the contrary, the defendants appear to be relying on zoning cases where direct, independent appeals to the courts are generally not permitted, as contrasted to the environmental statutes which are involved in the present case. "We note that title 22a of the General Statutes, entitled Environmental Protection, confers standing on private persons to bring actions to protect the environment." Bombero v. Planning Zoning Commission, 40 Conn. App. 75, 88, 669 A.2d 598 (1996).
In addition, section 61-15.6 of the Inland Wetlands and Watercourses Regulations promulgated by the defendant Environmental Commission of New Canaan provides in pertinent part: "[t]he Superior Court in an action brought by . . . any person shall have jurisdiction to restrain a continuing violation, to issue orders directing that the violation be corrected or removed and to assess civil penalties pursuant to the Connecticut General Statutes . . . ." Thus, the two state statutes and the New Canaan regulation all confer subject matter jurisdiction on this court to enable this court to review the plaintiffs' claim that one or more of the defendants is violating the state Inland Wetlands and Watercourses Act, the Environmental CT Page 228 Protection Act or the New Canaan Inland Wetlands and Watercourse Regulations. The contentions of the moving parties regarding exhaustion of administrative remedies, governmental immunity and standing are not applicable to this present case.
With respect to the prior pending action doctrine, the present action involves alleged damages to inland wetlands and watercourses and the environment, and seeks to restrain alleged violations thereof. The prior pending action, on the other hand, concerns issuance of zoning and building permits and seeks a reversal of a decision of the Zoning Board of Appeals. Furthermore, there are a number of plaintiffs and defendants in the zoning appeal who are not involved in this case. Thus, the prior pending action doctrine is inapplicable.
The motion to dismiss for lack of subject matter jurisdiction is denied, and the case should be reclaimed for and rescheduled on the 1-27-97 @ 9:30 a.m. miscellaneous/special proceedings calendar for further action, including a hearing on the merits.
So Ordered.
Dated at Stamford, Connecticut, this 7th day of January, 1997.
William B. Lewis, Judge