[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 125)
The plaintiff, Paul F. Miller, filed an amended complaint, dated January 2, 1996, seeking a declaratory judgment against the defendant, Robert Brennan. The plaintiff alleges that in the course of criminal proceedings brought against him, the defendant, who was the prosecuting attorney in both the trial and retrial of the plaintiff, committed prosecutorial misconduct.
On April 29, 1996, the defendant filed a motion to strike the plaintiff's amended complaint on the grounds that the declaratory judgment action does not comply with Practice Book §§ 389 and 390; that there are other remedies available to the plaintiff; and that the plaintiff has not complied with the notice requirements of Practice Book § 390(d). The plaintiff filed a memorandum in opposition to the defendant's motion to strike dated May 7, 1996, and another dated June 25, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the CT Page 252-V facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile v. Brown. Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, 215.
The defendant contends that the declaratory judgment sought relates to past events and not present or future rights, and therefore does not comply with the requirements for a declaratory judgment. The defendant further asserts that the plaintiff has other remedies other than a declaratory judgment, that the plaintiff has failed to give proper notice to interested parties, and that the defendant is not a proper party to a declaratory judgment action. The plaintiff maintains that the defendant has waived his right to file a motion to strike pursuant to Practice Book § 114, and that it is a speaking motion to strike.
Although the plaintiff argues that the defendant's motion to strike was untimely, the plaintiff's motion for default for CT Page 252-W failure to plead was denied on March, 29, 1996, because the defendant had filed an objection to the plaintiff's amended complaint. The objection was overruled on April 15, 1996, and the defendant's motion to strike was filed on April 29, 1996. Therefore, the motion to strike was timely filed. See also General Statutes § 52-121. The plaintiff also argues that the defendant's motion is a speaking motion to strike. However, the evidence submitted by the defendant is not necessary to determine the substantive issues of the motion to strike. Therefore, the court will not consider the evidence submitted with the motion to strike, and will decide the motion on the face of the pleadings. See Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, ___ A.2d ___ (1996).
"[W]hether a court should grant declaratory relief is properly decided by a motion to strike." Aetna Casualty SuretyCo. v. Jones, 220 Conn. 285, 293, 596 A.2d 414 (1991). Practice Book § 389 provides that "[t]he court will . . . render declaratory judgments as to the existence or nonexistence (a) of any right, power, privilege or immunity or (b) of any fact upon which the existence or nonexistence of such right, power, privilege or immunity now exists or will arise in the future." Additionally, Practice Book § 390 provides that "[t]he court will not render declaratory judgments upon the complaint of any person: (a) unless he has an interest, legal or equitable, by CT Page 252-X reason of danger or uncertainty as to his rights or other jural relations; or (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or (c) where the court should be of the opinion that the parties should be left to seek redress by some other form of procedure; or (a) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."
The plaintiff seeks a declaratory judgment on the claim that the defendant committed prosecutorial misconduct in the criminal proceedings against the plaintiff. Nevertheless, "[t]he provision [of Practice Book § 390] that there must be an issue in dispute or an uncertainty of legal relations which requires settlement between the parties means no more than that there must appear sufficient practical need for the determination of the matter." (Internal quotation marks omitted.) Bombero v. Planning Zoning Commission, 40 Conn. App. 75, 79, 669 A.2d 598 (1996). However, a declaratory judgment in this matter cannot establish certainty as to the plaintiff's rights or jural relations, or settle any legal relations between the parties because "prosecutors are immune from tort liability for their conduct as participants in [a] judicial proceeding." DeLaurentis v. New Haven, 220 Conn. 225, CT Page 252-Y 242, 597 A.2d 807 (1991). Therefore, the plaintiff is not entitled to seek a declaratory judgement pursuant to Practice Book § 390(a) or (b).
Section 390(c) of the Practice Book allows the trial court wide discretion to render a declaratory judgment unless another form of action clearly affords a speedy remedy as effective, convenient, appropriate and complete. . . . Therefore, a successful motion to strike an action for a declaratory judgment upon the ground of available alternative means of redress . . . must show that the court could not in the exercise of sound discretion permit the action to proceed." (Citations omitted; footnote omitted.) England v. Coventry, 183 Conn. 362, 365,439 A.2d 372 (1981).
"In a court proceeding, the process itself is available as a check on prosecutorial abuses. DeLaurentis v. New Haven, supra,220 Conn. 245. Moreover, "disciplinary procedures exist to regulate prosecutorial misconduct. . . . These traditional attorney disciplinary procedures eliminate the danger that absolute immunity will be used as a shield for prosecutorial misconduct." (Citation omitted.) Massameno v. StatewideGrievance Committee, 234 Conn. 539, 567, 663 A.2d 317 (1995). Furthermore, in light of the prosecutor's civil immunity for prosecutorial misconduct, the plaintiff's proper remedy is an CT Page 252-Z appeal of his criminal conviction on the grounds of lack of due process because of prosecutorial misconduct. See, e.g., State v.Owen, 40 Conn. App. 132, 669 A.2d 606, cert. denied, 236 Conn. 912,673 A.2d 114 (1996). The standard for appeal also buttresses the conclusion that a declaratory judgment on prosecutorial misconduct would be ineffectual in affecting the plaintiff's interests, rights or other jural relations. In analyzing a defendant's claim of prosecutorial misconduct the reviewing court asks "whether the prosecutor's conduct so infected the trial with unfairness as to make the resting conviction a denial of due process." (Internal quotation marks omitted.) Id., 141. The reviewing court does not "focus alone . . . on the conduct of the prosecutor. The fairness of the trial and not the culpability of the prosecutor is the standard for analyzing the constitutional due process claims of criminal defendants alleging prosecutorial misconduct." (Internal quotation marks omitted.) Id. "`In determining whether prosecutorial misconduct was so serious as to amount to a denial of due process . . . [the Appellate Court] has focused on several factors. Among them are the extent to which the misconduct was invited by defense conduct or argument . . . the severity of the misconduct . . . the frequency of the misconduct . . . the centrality of the misconduct to the critical issues in the case . . . the strength of the curative methods adopted . . . and the strength of the state's case.'" State v.Pouncey, 40 Conn. App. 624, 636, 673 A.2d 547, cert. granted, CT Page 252-AA237 Conn. 911, ___ A.2d ___ (1996). Thus, whether there was prosecutorial misconduct in the plaintiff's criminal proceedings is only one aspect of the evaluation of the plaintiffs due process rights, and therefore, is more properly the subject of an appeal.
The defendant also argues that the plaintiff lacks subject matter jurisdiction pursuant to Practice Book § 390(d) as all parties having an interest in the action have not been made parties. Although failure to give notice to all interested party deprives the court of subject matter jurisdiction, it does not require dismissal of the action, but rather requires the plaintiff to pursue procedural efforts to cure the jurisdictional defects. Mannweiler v. LaFlamme, 232 Conn. 27, 36, 653 A.2d 168
(1995). The defendant also contends that he is not a proper party, however, the cases the defendant relies upon merely stand for the proposition that all necessary parties must be included in the action. Therefore, this is merely a restatement of the argument regarding Practice Book § 390(d).
Nevertheless, for the reasons discussed above, a declaratory judgment action is not proper based upon the allegations contained in the plaintiff's complaint. Accordingly, the defendant's motion to strike is granted.
MAIOCCO, J. CT Page 252-BB