[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #105
On June 24, 1998, the plaintiffs, Silver Shield Association, Inc., Frank J. Branca, and Rocco Powell, Jr., filed this one count complaint seeking a declaratory judgment against the defendants, Town of Greenwich and Peter J. Robbins, Chief of Police of the Town of Greenwich Police Department. The plaintiffs, Branca and Powell are members of the Silver Shield Association, a labor organization, which is the exclusive bargaining representative for all Greenwich uniformed police personnel. (Complaint ¶¶ 1-3.) Branca and Powell allege that they are the subjects of formal internal investigations based on internal complaints of employees within the Greenwich Police Department. The plaintiffs seek a declaratory judgment to determine whether the Greenwich police manual is unconstitutionally void for vagueness as applied to them, whether the police regulations deprive them of their first andfifth amendment rights under the United States constitution, and whether the regulations deprive them of their rights under article 1, §§ 8 and 9 of the constitution of Connecticut. The CT Page 14943 plaintiffs further seek a determination as to whether the regulations deprive them of their rights to free speech, association, and liberty in violation of the first andfourteenth amendments to the United States constitution and under article 1, §§ 4, 9, and 14 of the constitution of Connecticut. If the court determines that the regulations violate the plaintiffs' rights, the plaintiffs seek an injunction restraining the defendants from disciplining them under the guidelines of the police manual in question.
The defendant, Town of Greenwich, now moves for dismissal on the grounds that the plaintiffs have failed to exhaust the administrative remedies available to them under their collective bargaining agreement. The defendant has submitted a memorandum of law in support of its motion to dismiss. The plaintiffs have filed an opposing memorandum and contend that their action falls within the exceptions to the doctrine of exhaustion, therefore the motion should be denied.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . ." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction . . ." (Citation omitted.) Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
The failure to exhaust administrative remedies, such as grievance and arbitration remedies is a proper ground for a motion to dismiss, because it implicates the court's subject matter jurisdiction. School Administrators Assn. v.Dow, 200 Conn. 376, 383, 511 A.2d 1012 (1986). "Because the exhaustion doctrine implicates subject matter jurisdiction, we must decide as a threshold matter whether the doctrine requires dismissal of the plaintiff['s] claim . . ." (Brackets in original; citation omitted; internal quotation marks omitted.)Pet v. Department of Health Services, 207 Conn. 346,351, 542 A.2d 672 (1998).
The defendant asserts that the collective bargaining agreement between the Silver Shield Association and the Town of Greenwich provides grievance and arbitration procedures for Greenwich policemen. Also, the defendant contends that the CT Page 14944 procedures in the collective bargaining agreement provide the plaintiffs with a method to resolve issues concerning the disciplinary action in question. The defendant asserts that since the plaintiffs have failed to exhaust the remedies in the agreement the court should dismiss their claim.
In opposition, the plaintiffs argue that their claim falls within exceptions to the doctrine of exhaustion. First, the plaintiffs assert that any attempt for them to seek a remedy under the agreement would be inadequate or futile, because they are contesting the constitutionality of the police manual itself as applied to them. Further, the plaintiffs contend that the courts must decide the validity of administrative rules, and that where constitutional issues are raised an administrative remedy has been held to be inadequate. The plaintiffs assert because they are contesting the constitutionality of the police manual, the court has jurisdiction over the matter. Also, the plaintiffs contend that pursuant to General Statutes § 52-29, a declaratory judgment is the proper procedure to determine controversies involving constitutional rights.
"[A]n employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendant and the plaintiffs union . . ." (Citations omitted.) Daley v.Hartford, 215 Conn. 14, 23, 574 A.2d 194 (1990), cert. denied, 498 U.S. 982, 111 S.Ct. 513, 112 L.Ed.2d 525 (1990). The legislature, however, has carved out an exception to the exhaustion doctrine by enacting General Statutes § 31-51bb, which provides: "No employee shall be denied the right to pursue, in a court of competent jurisdiction, a cause of action arising under the state or federal constitution or under a state statute solely because the employee is covered by a collective bargaining agreement. Nothing in this section shall be construed to give an employee the right to pursue a cause of action in a court of competent jurisdiction for breach of any provision of a collective bargaining agreement or other claims dependent upon the provisions of a collective bargaining agreement." The Supreme Court, in Genovese v. Gallo Wine Merchants, Inc.,226 Conn. 475, 628 A.2d 946 (1993), interpreted this statute as follows: "[A] cause of action arising under the state or federal constitution or state statute cannot be lost solely because the employee is covered by a collective bargaining agreement. Plainly, therefore, an employee who does not exhaust the grievance procedures established in a collective bargaining CT Page 14945 agreement may pursue a cause of action in the Superior Court if the cause of action is premised on an independent statutory [or constitutional] claim. To hold otherwise would be to deny such an employee the right to pursue a statutory [or constitutional] action solely because of the existence of a collective bargaining agreement." (Emphasis omitted.) Id., 481-82. Although, the court did caution, "The language of the statute and the legislative history of the statute also make it clear that the legislature intended to retain the exhaustion requirement in cases in which the plaintiff's claim arises from a right dependent on the provisions of the collective bargaining agreement . . ." (Citation omitted.) Id., 482 n. 8.
In the present case, the plaintiffs seek a declaratory judgment to determine the constitutionality of the Greenwich police manual. "A declaratory judgment action may be used to determine the constitutionality of a particular statute or regulation . . ." (Citations omitted.) Bombero v. Planning Zoning Commission, 40 Conn. App. 75, 81, 669 A.2d 598
(1996). The plaintiffs seek a determination as to whether the police manual deprives them of due process, equal protection, employment liberty, freedom of speech, freedom of association, and liberty, therefore, the plaintiffs have brought a cause of action arising under the federal and state constitutions. Also, the plaintiffs have alleged that the internal affairs investigations have been completed and further proceedings are allowable in accordance with the collective bargaining agreement. They, however, dispute the validity of any further proceedings because they question the constitutionality of the Greenwich police manual. (Complaint ¶¶ 8-10.) Although, neither party cited Genovese, the court noted in Genovese
that, "[i]t is plain error for a trial court to fail to apply an applicable statute, even in the absence of the statute having been brought to its attention by the parties . . ." (Citation omitted.) Genovese v. Gallo Wine Merchants, Inc.,supra, 226 Conn. 480 n. 6.
Therefore, the defendant's motion to dismiss is denied.
KARAZIN, J.