[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS (#102 #103)
The plaintiff, Fort Trumbull Conservancy, LLC, filed a single count complaint on May 1, 2001, seeking an injunction pursuant to General Statutes § 22a-16 to prevent the issuance of a demolition permit. The defendants Antonio H. Alves, the city of New London, and the New London Development Corporation, now move to dismiss the complaint on the ground that the court lacks subject matter jurisdiction.
 FACTS
At sixteen pages, the complaint is too lengthy for the court to repeat the allegations in full. The basic factual allegations are as follows. CT Page 8206 The plaintiff limited liability corporation "is comprised of present and potential members that are residents, homeowners and/or taxpayers who reside in the City of New London. . . ." The defendant New London Development Corporation (NLDC) is a non-profit private development organization with the authority to raise and borrow funds, manage projects, acquire and sell property, and engage in any activity related to the general welfare of the community. The defendant Antonio H. Alves is the building official of the city of New London and is authorized to administer the state demolition code, General Statutes §§ 29-401
through 29-415. The NLDC has filed applications for the demolition of certain buildings and structures, "including those eligible for listing on the National Register of Historic Places." Neither Alves, the NLDC, nor the city of New London has declared the buildings blighted, deteriorated and worthy of condemnation by their unfitness for human habitation.
Some of the properties which the NLDC has applied to demolish were transferred to the NLDC by the United States Navy. The Navy determined that the properties are historic and include areas of archeological sensitivity and structures eligible or potentially eligible for listing in the National Register of Historic Places pursuant to16 U.S.C. § 470a. The transfer was conditioned on a "programmatic agreement" containing a preservation covenant and providing for an annual review of its implementation, upon request of the state historic preservation officer, for three years after its execution. The NLDC applied for demolition permits "[d]espite failing to demonstrate compliance with the preservation covenant and the lack of required annual review of the agreement.
The plaintiff also alleges that a variety of environmental harms will result from the issuance of the demolition permit. The demolition of the buildings would require the use of energy, which would have effects and consequences at locations such as oil facilities in Southern Louisiana, Alaska and Venezuela, coal mines in Wyoming and Pennsylvania, and cement, steel and bulldozer factories. These effects include terrain disruption, air pollution and water contamination. The plaintiff alleges that such environmental effects and consequences occur whenever energy is used.[1]
The plaintiff concludes that "[t]he likely and/or actual issuance of the Demolition Permit(s) to the defendant, NLDC, and/or its agents by the defendant, Building Official, involves individual and cumulative conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing, depleting or destroying the public trust in the air, water, land or other natural resources of the state including but not limited to energy, solid waste, housing, historical and CT Page 8207 cultural resources. . . ."
Alves, the NLDC and the city of New London have filed motions to dismiss the action on the ground that the court lacks subject matter jurisdiction. Specifically, the defendants claim that the court lacks subject matter jurisdiction because the plaintiff lacks standing under the Connecticut Environmental Protection Act, General Statutes § 22a-14
et seq., and is not otherwise aggrieved, either classically or statutorily. In support of his motion to dismiss, Alves has filed a memorandum of law, which has been adopted by the NLDC and the city of New London in support of their motion to dismiss. None of the defendants has submitted any supporting affidavits. The plaintiff has filed an objection to the motion to dismiss and a supporting memorandum of law.
 DISCUSSION
The defendants move to dismiss the action on the ground that the court lacks subject matter jurisdiction. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31(a). "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Crescent Lake TaxDistrict, 205 Conn. 290, 294, 533 A.2d 208 (1987); see also Practice Book § 10-33.
Where a motion to dismiss is not accompanied by supporting affidavits, "[t]he motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330,346, 766 A.2d 400 (2001). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.)Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271
(1999).
The defendants argue that the court lacks subject matter jurisdiction because the plaintiff lacks standing to bring this action. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a CT Page 8208 proper party to request an adjudication of the issue." (Citation omitted; internal quotation marks omitted.) State v. DeCaro, 252 Conn. 229, 253,745 A.2d 800 (2000). "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) Ramos v. Vernon, 254 Conn. 799, 808, 761 A.2d 705
(2000).
"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." (Internal quotation marks omitted.) Crone v. Gill, 250 Conn. 476,479-80, 736 A.2d 131 (1999). The plaintiff does not claim to be classically aggrieved. The plaintiff does, however, claim statutory aggrievement under General Statutes § 22a-16, which provides in relevant part: "The Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may maintain an action in the superior court . . . for declaratory and equitable relief against the state, any political subdivision thereof, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity, acting alone, or in combination with others, for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction. . . ." General Statutes § 22a-16.
"[T]itle 22a of the General Statues, entitled `Environmental Protection,' confers standing on private persons to bring actions to protect the environment . . . Any member of the general public can initiate an independent declaratory judgment action under General Statutes § 22a-16 in order to raise issues involving the public trust in air, water, or other natural resources of the state. Pursuant to General Statutes § 22a-19 (a) a member of the general public may intervene in an existing judicial review of an agency action." (Citation omitted.) Bombero v. Planning Zoning Commission, 40 Conn. App. 75, 88-89,669 A.2d 598 (1996). Although §§ 22a-16 and 22a-19 confer standing on any person to assert claims of environmental harm, that standing does not extend to cases in which a plaintiff seeks to have an administrative entity adjudicate issues that are not otherwise within that entity's statutory jurisdiction. A review of a series of appellate decisions is necessary to gain an understanding of the analysis to be applied under circumstances such as this case.
In Connecticut Fund for the Environment, Inc. v. Stamford, 192 Conn. 247,470 A.2d 1214 (1984), the Stamford environmental protection board granted an application for development of certain property. The board's statutory CT Page 8209 jurisdiction was limited to consideration of wetlands and watercourses. Id., 250. A neighborhood association attempted to intervene pursuant to § 22a-19 in order to raise issues of pollution not related to wetlands. Id., 249. The Supreme Court stated: "Section 22a-19, which authorizes any person to intervene in any administrative proceeding and to raise therein environmental issues must be read in connection with the legislation which defines the authority of the particular administrative agency. Section 22a-19 is not intended to expand the jurisdictional authority of an administrative body whenever an intervenor raises environmental issues. Thus, an inland wetland agency is limited to considering only environmental matters which impact on inland wetlands. Other environmental impacts must be raised before other appropriate administrative bodies, if any, or in their absence by the institution of an independent action pursuant to § 22a-16." Id., 250-51.
In Middletown v. Hartford Electric Light Co., 192 Conn. 591, 473 A.2d 787
(1984), the Supreme Court extended this rationale to a case brought directly under § 22a-16, rather than by way of intervention under § 22a-19. The plaintiff city sought an injunction to prevent the defendant power company from burning certain contaminated oil. The plaintiff alleged that the defendant had failed to obtain certain required approvals and permits. Id., 595. The Supreme Court first found that the plaintiff did not have standing under the various licensing statutes, because those statutes provided only for administrative proceedings, rather than a private cause of action. Id., 596. The court next addressed the plaintiff's claim that it had standing under § 22a-16: "We have recently concluded . . . that invocation of the EPA is not an open sesame for standing to raise environmental claims with regard to any and all environmental legislation. . . . [The] same principles [expressed inConnecticut Fund for the Environment, Inc. v. Stamford, supra,192 Conn. 247] apply to bar the city's standing under the licensing statutes. The trial court was therefore correct in concluding that §22a-16 did not provide the plaintiffs with standing under any statute other than the Environmental Protection Act itself." Middletown v.Hartford Electric Light Co., supra, 192 Conn. 597.
Recently, our Appellate Court applied these principles in ConnecticutPost Ltd. Partnership v. South Central Connecticut Regional Council ofGovernments, 60 Conn. App. 21, 758 A.2d 408, cert. granted, 255 Conn. 903,762 A.2d 907 (2000) (appeal withdrawn April 5, 2001). In ConnecticutPost, the owner of a shopping mall sought a judgment declaring null and void the determination of the regional planning commission that a certain municipal development proposal submitted by the city of New Haven was in accord with the previously adopted regional plan. The plaintiff claimed standing under § 22a-16. The Appellate Court concluded: "The right to invoke environmental standing depends on whether the asserted CT Page 8210 environmental claim falls within the statutory jurisdiction of the particular governmental agency authorized to adjudicate such a claim. As the court explained in Middletown v. Hartford Electric Light Co., supra,192 Conn. 591, inland wetlands agencies are not authorized to consider possible air pollution arising from the dispersal of toxic substances. . . . In this case, we conclude that the plaintiff's assertion of environmental standing cannot be sustained because the plaintiff has failed to identify any statute that confers on the planning commission the authority to consider environmental issues as a prerequisite to planning commission approval of a municipal project as being in accord with an existing regional plan."Connecticut Post Ltd. Partnership v. South Central ConnecticutRegional Council of Governments, supra, 60 Conn. App. 35-36.
In the present case, the plaintiff seeks to prevent the building official from issuing a permit for the demolition of certain buildings. The powers of the building official are set forth in General Statues §§ 29-401 through 29-415, and in §§ 29-401-1 through 29-401-5 of the Regulations of Connecticut State Agencies. The plaintiff has failed to identify any provision that gives the building official the authority to consider environmental issues as a prerequisite to issuance of a demolition permit. This case therefore appears to present a situation similar to that presented to the Appellate Court in Connecticut Post.
The plaintiff attempts to distinguish this case from Connecticut Post
on the ground that Alves and the city of New London have the authority to consider environmental issues pursuant to General Statutes § 7-148
(c)(8).[2] The court will address the plaintiff's argument separately as it relates to Alves and to the city. With respect to Alves, although § 7-148 does grant municipalities the power to provide for the protection of the environment, it does not address the powers and duties of the building official. The plaintiff's argument assumes that Alves, as the city's building official, may exercise any of the city's powers under § 7-148. As stated above, however, the powers of the building official are limited, as set forth in General Statues §§ 29-401
through 29-415, and in §§ 29-401-1 through 29-401-5 of the Regulations of Connecticut State Agencies. Section 7-148 does not expand those powers.
With respect to its argument regarding the city's powers under §7-148, the plaintiff fails to recognize that, just as the city of New London is a defendant in the present case, the city of New Haven was a defendant in Connecticut Post. See Connecticut Post Ltd. Partnership v. South Central Connecticut Regional Council of Governments supra,60 Conn. App. 23. The Appellate Court, in its analysis of standing under § 22a-16, nevertheless confined itself to consideration of the CT Page 8211 statutory jurisdiction of the planning commission reviewing the city's proposal. Id., 35-36. In deciding the standing issue in the present case, therefore, the court will consider only the jurisdiction of the building official reviewing the application for the demolition permit, rather than the jurisdiction of the municipality submitting the application. Stated another way, if § 7-148 were sufficient to confer standing on the plaintiff in the present case, it would have been equally sufficient in Connecticut Post. The distinction drawn by the plaintiff between the present case and Connecticut Post simply does not exist.
 CONCLUSION
The plaintiff claims standing, under General Statutes § 22a-16, to challenge the issuance of a demolition permit by the municipal building official. Our Appellate Court has held, however, that standing to sue under § 22a-16 depends on the statutory jurisdiction of the particular government entity whose actions are challenged. In the present case, the building official has no statutory power to consider environmental issues in evaluating an application for a demolition permit. Consequently, the plaintiff lacks standing and the court does not have subject matter jurisdiction.
The motions to dismiss are granted.
D. Michael Hurley, Judge Trial Referee