[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #102
On May 25, 1999, the plaintiff, St. Mary's Hospital, filed a declaratory judgment action seeking a determination of whether an administrative hearing before an ad hoc committee, established pursuant to plaintiff's bylaws, regarding the revocation of the defendant's privileges at plaintiff's health care facility is a proceeding within the meaning of General Statutes § 19a-17b. The plaintiff, a private non-profit hospital in the city of Waterbury, alleges that the defendant, Mary Jane Brackett, a physician licensed to practice medicine in the state of Connecticut, had privileges to practice medicine at the plaintiff's facility. On January 28, 1997, the plaintiff's medical executive committee suspended the defendant's staff privileges, pursuant to Article TX.7 of the plaintiff's bylaws, due to alleged substantial concerns that the defendant's actions might endanger patients, medical staff, the hospital or its personnel.
On March 11, 1997, the defendant requested an administrative hearing by an ad hoc committee of the medical staff as was her right pursuant to the plaintiff's bylaws. The plaintiff's bylaws require that an administrative hearing by an ad hoc committee be held within thirty-seven days of such a request; however, a hearing was not scheduled until May 13, 1998. All parties were present for the May 13. 1998 hearing but it was discontinued when a dispute arose between the parties regarding whether the hearing of the ad hoc committee constituted a peer review proceeding pursuant to General Statutes § 19a-17b. The parties are not in dispute that the reason for the hearing by the plaintiff's ad hoc committee is to review the suspension of the defendant's privileges due to the hospital's concern that the plaintiff is a danger to patients and staff. The only issue presented to this court is whether the hearing of the ad hoc committee is peer review within the meaning of General Statutes §19a-17b.
CT Page 12329 The plaintiff alleges that its ad hoc committee is a "medical review committee" as that phrase is defined by General Statutes § 19a-17b
(a)(4), and that the hearing before the plaintiff's ad hoc committee is a peer review proceeding under the statute as it constitutes a "procedure for evaluation by health care professionals of the quality and efficiency of services ordered or performed by other health care professionals, including practice analysis, inpatient hospital and extended care facility utilization review, medical audit, ambulatory care review and claims review" pursuant to General Statutes § 19a-17b (a)(2).
On May 28, 1997, the defendant filed an action against the plaintiff regarding the suspension of her privileges to practice medicine at the plaintiff's facility. The plaintiff alleges in the declaratory judgment action that the defendant has not indicated whether she will go forward with the hearing of the plaintiff's ad hoc committee, and that, as a result, there exists a bona fide and substantial dispute between the parties that requires settlement. The plaintiff requests the court to declare that the hearing of its ad hoc committee regarding the revocation of the defendant's staff privileges is a peer review proceeding pursuant to General Statutes § 19a-17b.
Pursuant to Practice Book § 17-44 et seq., the plaintiff now moves for summary judgment on its declaratory judgment action on the ground that there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law because the hearing of the ad hoc committee is a peer review proceeding pursuant to § 19a-17b.
As required by Practice Book § 17-45, the plaintiff has filed a memorandum of law in support of its motion for summary judgment and attached the affidavit of Roland F. Young, III, counsel for the plaintiff with regard to the proceedings involving the defendant, along with a copy of the plaintiff's medical staff bylaws. The defendant has filed a timely memorandum in opposition along with the following correspondence: a January 30, 1997 letter to the defendant from the plaintiff's chief of staff notifying the defendant that her privileges were being summarily suspended; a February 5, 1997 letter to the plaintiff from defendant's counsel, urging the plaintiff not to take any action regarding the defendant's privileges; and a February 28, 1997 letter to the defendant from the plaintiff's executive vice president and chief operating officer notifying the defendant that ratification by the governing body of the executive committee's decision to suspend would entitle the defendant to a hearing before an ad hoc committee of the medical staff. In addition, the defendant attached a copy of the plaintiff's medical staff bylaws.
 DISCUSSION
CT Page 12330 "The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; see also Miles v. Foley,253 Conn. 381, 385, 752 A.2d 503 (2000). "A genuine issue has been . . . described as a triable, substantial or real issue of fact . . . and . . . [as] one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 378, 260 A.2d 596 (1969). "A material fact has been defined . . . as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990).
The party seeking summary judgment bears the burden of proving that there is no genuine issue as to any material fact, and the party is entitled to judgment as a matter of law under applicable principles of substantive law. See Rivera v. Double A. Transportation, Inc.,248 Conn. 21, 24, 727 A.2d 204 (1999). The party opposing the motion must provide an evidentiary foundation that demonstrates the existence of a genuine issue of material fact. See Id.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.)Sherwood v. Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). The court's function in ruling a motion for summary judgment is not to decide issues of material fact, but rather to determine whether any such issues truly exist. See Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988).
The plaintiff argues that there are no genuine issues of material fact. The plaintiff further asserts that the only issue in dispute, legal in nature, is whether or not the activities of the ad hoc committee would constitute a peer review proceeding within the meaning of General Statutes § 19a-17b (d). It is the plaintiff's position that an ad hoc committee, assembled to evaluate the appropriateness of the suspension of a physician's privileges due to concerns that the physician's actions may endanger patients, medical staff, the hospital or its personnel, is a medical review committee engaging in peer review, within the meaning of § 19a-17b, and it is entitled to judgment as a matter of law.
CT Page 12331 The defendant contends that summary judgment should be denied because a declaratory judgment is inappropriate under the circumstances of this case, and because there are factual issues in dispute.[1]
Specifically, the defendant argues that, because the plaintiff's bylaws do not define a hearing before the ad hoc committee as peer review proceedings of a medical review committee and because there are genuine issues of material fact as to whether the activities of the plaintiff's ad hoc committee would be tantamount to peer review proceedings under § 19a-17b, summary judgment is not warranted.
In addition, the defendant argues that summary judgment on the declaratory judgment action is inappropriate because it would affect the rights and liabilities of all Connecticut hospitals and their medical staffs, none of whom have been given notice of the action.
"The purpose of a declaratory judgment action . . . is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties. . . . Practice Book § 390(a) [now § 17-55] authorizes a court to render a declaratory judgment if a plaintiff has a legal interest by reason of . . . uncertainty as to his rights or other jural relations. The provision of Practice Book § 390 [now § 17-55] that there must be an issue in dispute or an uncertainty of legal relations which requires settlement between the parties means no more than that there must appear a sufficient practical need for the determination of the matter." (Citations omitted; internal quotation marks omitted.) Bomberov. Planning Zoning Commission, 40 Conn. App. 75, 78 669 A.2d 598
(1996). Requests for declaratory judgment framed so broadly that they make it impossible for the court to give "a categorical or very definite answer," cannot be entertained by the court. Gianetti v. NorwalkHospital, 211 Conn. 51, 55, 557 A.2d 1249 (1989). This is especially so where a declaration would affect the rights and liabilities of other persons having an interest in the subject matter of the action who were not given reasonable notice thereof. See Id., 56.
"`Peer review' means the procedure for evaluation by health care professionals of the quality and efficiency of services ordered or performed by other health care professionals, including practice, analysis, inpatient hospital and extended care facility utilization review, medical audit, ambulatory care review and claims review." General Statutes § 19a-17b (a)(2). "`Medical review committee' shall include any committee of a state or local professional society or a committee of any health care institution established pursuant to written bylaws . . . engaging in peer review, to gather and review information relating to the care and treatment of patients for the purposes of (A) evaluating and improving the quality of health care rendered. . . . It shall also mean CT Page 12332 any hospital board or committee reviewing the professional qualifications or activities of its medical staff or applicants for admission thereto." General Statutes § 19a-17b (a)(4).
Section 19a-17b (d) provides: "The proceedings of a medical review committee conducting a peer review shall not be subject to discovery or introduction into evidence in any civil action for or against a health care provider arising out of the matters which are subject to evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to the content of such proceedings; provided the provisions of this subsection shall not preclude (1) in any civil action, the use of any writing which was recorded independently of such proceedings; (2) in any civil action, the testimony of any person concerning the facts which formed the basis for the institution of such proceedings of which he had personal knowledge acquired independently of such proceedings; (3) in any health care provider proceedings concerning the termination or restriction of staff privileges, other than peer review, the use of data discussed or developed during peer review proceedings; or (4) in any civil action, disclosure of the fact that staff privileges were terminated or restricted, including the specific restriction imposed, if any."
The court finds that because the plaintiff in this case only requests the court to enter a judgment declaring rights pursuant to § 19a-17b
as between the plaintiff and defendant, the issue is narrowly framed and limited to the circumstances as they have been presented to the court by these parties. Therefore, the plaintiff's motion for summary judgment on its declaratory judgment action is appropriately before the court.
"It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation." Bittle v. Commissioner of Social Services, 249 Conn. 503,507, 734 A.2d 551 (1999). "[I]f the statutory language is clear and unambiguous courts cannot, by construction, read into such statutes provisions which are not clearly stated." (Citation omitted; internal quotation marks omitted.) Chairman v. Freedom of Information Commission,217 Conn. 193, 200, 585 A.2d 96 (1991). General Statutes § 19a-17b
contains no language requiring a health care facility to specifically designate in its bylaws which activities of its committees constitute peer review proceedings. Because the language of General Statutes §19a-17b does not require the plaintiff to designate within its bylaws which committee activities constitute peer review proceedings for purposes of § 19a-17b, the plaintiff is not required to do so.
Whether the proceeding of a medical staff ad hoc committee established CT Page 12333 to review an administrative decision to terminate an associated physician's privileges is peer review within the meaning of § 19a-17b
is a question of law for the court. See, e.g., Commissioner of HealthServices v. Kadish, 17 Conn. App. 577, 578, 554 A.2d 1097, cert. denied,212 Conn. 806, 563 A.2d 1355 (1989). "Statutory construction is [always] a question of law . . . [for the court]." Cotto v. United TechnologiesCorp., 251 Conn. 1, 6, 738 A.2d 623 (1999). "It is a basic tenet of statutory construction that the intent of the legislature is to be found not in an isolated phrase or sentence but, rather, from the statutory scheme as a whole. Therefore, a statute should be read as a whole and interpreted so as to give effect to all of its provisions. Furthermore, a statute must be read in light of the purpose it intends to serve." (Citations omitted; internal quotation marks omitted.) New MilfordSavings Bank v. Jajer, 52 Conn. App. 69, 80, 725 A.2d 604 (1999).
"Before one can conclude that . . . [a committee constitutes a medical review committee], a determination of the nature of the Committee to which the . . . communication . . . [will be] directed must be made. Certainly a Committee that sits to determine whether a physician is impaired mentally or physically would qualify as a Medical Review Committee." Levine v. Russakov, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 500825 (February 21, 1992,Walsh, J.) (7 C.S.C.R. 328). The court concludes that because the ad hoc committee would be engaged in evaluating issues relating to whether the defendant's actions endanger patients and hospital staff, the committee would be reviewing the defendant's professional qualifications and activities. The court determines that the plaintiff's ad hoc committee is a "medical review committee" as defined under General Statutes §19a-17b (a)(4).
"Simply because a hospital committee is a medical review committee, [however], does not suggest that all of its activities are considered peer review proceedings." Babcock v. Bridgeport Hospital, 251 Conn. 790,822, 742 A.2d 322 (1999). Section 19a-17b does not provide a blanket protection to a proceeding of a medical review committee; it "applies only to the proceedings of a medical review committee that is actually engaged in `peer review.'" Id., 829. This interpretation is consistent with the purpose for the peer review privilege, which is to encourage committee members, made up of health care professionals, to monitor the conduct and competency of their peers, with the goal of improving the safety and quality of patient care. (Citations omitted; internal quotation marks omitted.) See Id., 825.
In this case, the hearing and appeals procedure of the plaintiff's bylaws provides: "[w]hen a hearing relates to an adverse recommendation of the Executive Committee, such hearing shall be conducted by an ad hoc CT Page 12334 hearing committee of not less than five (5) members of the Medical Staff . . ." St. Mary's Hospital Medical Staff Bylaws, Appendix, Section 4. "Ad hoc" means "formed for a particular purpose. . . ." Black's Law Dictionary, 7th Ed., 41 (1999). The court concludes that, the ad hoc committee would be engaged in peer review, within the meaning of the statute, because the committee consists of peers weighing the fitness of a fellow staff member.
Finally, the defendant argues that summary judgment is inappropriate because a hearing before the plaintiff's ad hoc committee is a proceeding concerning the termination or restriction of staff privileges, which the defendant claims is something separate and distinct from peer review. The defendant's argument focuses on the following statutory language contained in § 19a-17b (d): "The proceedings of a medical review committee conducting a Peer review shall not be subject to discovery or introduction into evidence in any civil action for or against a health care provider . . . provided the provisions of this subsection shall not preclude . . . (3) in any health care provider proceedings concerning the termination or restriction of staff privileges, other than peer review,
the use of data discussed or developed during peer review proceedings. . . ." (Emphasis added.) The defendant relies on the words "other than peer review" to suggest that the hospital's proceeding concerning the termination or restriction of the defendant's staff privileges cannot be peer review. The court does not credit this interpretation because the four words relied upon, "other than peer review," fall within a provision of the statute that specifically deals with peer review, termination and restriction of staff privileges, § 19a-17b (d)
Moreover, as previously stated, "the, intent of the legislature is . . . not found . . . in an isolated phrase or sentence but, rather, from the statutory scheme as a whole . . . [and] a statute should be read . . . and interpreted so as to give effect to all of its provisions. Furthermore, a statute must be read in light of the purpose it intends to serve." (Citations omitted; internal quotation marks omitted.) NewMilford Savings Bank v. Jajer, supra, 52 Conn. App. 90. In applying the rules of statutory construction, and in furthering the policy embedded in the legislative scheme, the court determines that the words that the defendant refers to should not be read in isolation and are therefore not dispositive of the issue.
Accordingly, the plaintiff's motion for summary judgment is granted.
So ordered. October 5, 2000.
BY THE COURT
CT Page 12335 PETER EMMETT WIESE, J.