WILLIAM GOODYEAR *v.* FRANCIS J. DISCALA ET AL.
(SC 16958)

Sullivan, C. J., and Katz, Vertefeuille, Zarella and Skolnick, Js.

508

Argued December 8, 2003—officially released June 8, 2004

*Anne Kelly Zovas*, for the appellant (intervening plaintiff).

*Brenden P. Leydon*, for the appellee (plaintiff).

*Opinion*

ZARELLA, J. The sole issue presented in this appeal is whether General Statutes (Rev. to 1995) § 31-293 (a)[1]

---

[1] General Statutes (Rev. to 1995) § 31-293 (a) provides in relevant part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having

confers standing on an employer, which is seeking reimbursement of workers' compensation benefits paid to an employee, to intervene in the employee's legal malpractice action against the employee's former attorneys for their failure to pursue a personal injury claim against the tortfeasor who caused the employee's compensable injury. We conclude that it does not and, therefore, affirm the judgment of the trial court.

The facts are not in dispute. On August 8, 1995, the plaintiff, William Goodyear, sustained injuries in an automobile accident when a truck operated by Tony Gavilanes, the tortfeasor, struck the plaintiff's automobile. At the time of the accident, the plaintiff and Gavilanes both were acting in their capacities as employees of the intervening plaintiff, the city of Norwalk (city).

become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate. In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in the action, the employer may join as a party plaintiff in the action. The bringing of any action against an employer shall not constitute notice to the employer within the meaning of this section. If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. The rendition of a judgment in favor of the employee or the employer against the third party shall not terminate the employer's obligation to make further compensation which the commissioner thereafter deems payable to the injured employee. . . ."

All future references in this opinion to § 31-293 (a) are to the statute as revised to 1995.

The plaintiff retained the legal services of the defendants, Francis J. Discala and Francis J. Discala, Jr., of Discala and Associates,[2] to represent him in connection with personal injury claims arising from the accident. The defendants successfully recovered workers' compensation benefits for the plaintiff pursuant to § 31-293 (a). Section 31-293 (a), however, also authorizes an employee to bring an action against any third person who causes the injury that forms the basis of the workers' compensation award, and the defendants failed to pursue such a claim against Gavilanes on behalf of the plaintiff.

After becoming aware of the defendants' inaction and subsequent to the expiration of the two year statute of limitations for negligence claims,[3] the plaintiff filed a legal malpractice action against the defendants seeking to recover monetary damages for breach of contract and negligence. Thereafter, the trial court granted the city's motion to intervene in the plaintiff's legal malpractice action to obtain reimbursement of the workers' compensation benefits that it had paid to the plaintiff from any future damages awarded to the plaintiff in his action against the defendants.

The trial court subsequently granted the plaintiff's motion to dismiss the city's intervening complaint for lack of standing. The city appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

---

[2] The plaintiff's complaint also refers to the defendants' law firm as the Law Office of Francis J. Discala.

[3] General Statutes § 52-584, which sets forth the relevant statute of limitations for negligence claims, provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."

The standard of review for a motion to dismiss is well settled. We often have recognized that "[a] motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Dyous* v. *Psychiatric Security Review Board,* 264 Conn. 766, 773, 826 A.2d 138 (2003); accord *Blumenthal* v. *Barnes,* 261 Conn. 434, 442, 804 A.2d 152 (2002); *Brookridge District Assn.* v. *Planning & Zoning Commission,* 259 Conn. 607, 611, 793 A.2d 215 (2002). Because such a determination involves "a question of law, our review is plenary." (Internal quotation marks omitted.) *Dyous* v. *Psychiatric Security Review Board,* supra, 773.

With respect to the issue of standing, we previously have noted that, "[w]hen standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . ." (Internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Orange,* 256 Conn. 557, 568, 775 A.2d 284 (2001). "Standing is the legal right to set judicial machinery in motion"; (internal quotation marks omitted) id., 567–68; and "implicates this court's subject matter jurisdiction." (Internal quotation marks omitted.) Id., 567. A party "cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) Id., 568. The burden rests with "the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." (Internal quotation marks omitted.) *St. George* v. *Gordon,* 264 Conn. 538, 544–45, 825 A.2d 90 (2003).

The city claims that it has standing to intervene in the plaintiff's legal malpractice action against the defen-

dants. Specifically, the city claims that, although § 31-293 (a) does not expressly address the employer's right to intervene in such an action, the failure of the defendants to file a timely negligence action, on behalf of the plaintiff, against the direct tortfeasor leaves the defendants as substitute third parties. The city thus claims that "the defendants, as third parties . . . have a legal liability to pay damages for the [plaintiff's] injury" within the meaning of § 31-293 (a). We disagree.

The city's claim raises a question of statutory interpretation. "In matters requiring interpretation of statutes our review is plenary." *West Haven* v. *Norback*, 263 Conn. 155, 162, 819 A.2d 235 (2003). We therefore begin with an examination of the words of the statute itself, as directed by Public Acts 2003, No. 03-154, § 1 (P.A. 03-154), which provides that "[t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered."[4]

The applicable statutory provision in this case is § 31-293 (a) of the Workers' Compensation Act, which addresses the liability of "third persons" to employees and employers when an employee suffers an injury caused by such persons. General Statutes (Rev. to 1995) § 31-293 (a) provides in relevant part: "When any injury

---

[4] We note that the legislature enacted P.A. 03-154 in direct response to our decision in *State* v. *Courchesne*, 262 Conn. 537, 816 A.2d 562 (2003), and we have recognized that this act "has legislatively overruled that part of *Courchesne* in which we stated that we would not require a threshold showing of linguistic ambiguity as a precondition to consideration of sources of the meaning of legislative language in addition to its text." *Paul Dinto Electrical Contractors, Inc.* v. *Waterbury*, 266 Conn. 706, 716 n.10, 835 A.2d 33 (2003).

for which compensation is payable under the provisions of [the Workers' Compensation Act] has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation . . . but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation . . . may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. . . ." In addition, when an injured employee brings an action against the third person directly, General Statutes (Rev. to 1995) § 31-293 (a) gives the employer the right to intervene in such action by providing: "If . . . the employee . . . brings an action against the third person, he shall immediately notify the [employer] . . . of the action . . . and the [employer] may join as a party plaintiff in the action within thirty days after such notification, and, if the [employer] fails to join as a party plaintiff, his right of action against the third person shall abate."

The issue presented in this appeal requires us to determine whether the term "injury," as used in § 31-293 (a), encompasses the harm alleged by the plaintiff in his legal malpractice action against the defendants. Having undertaken the required review, we conclude that the meaning of "injury," as used in § 31-293 (a), precludes the city from intervening in the plaintiff's legal malpractice action against the defendants.

In determining the meaning of the term "injury," we look to General Statutes § 31-275 (16) (A),[5] which

___

[5] Section 31-275 contains definitions of terms used in the Workers' Compensation Act.

defines "injury" as "includ[ing], in addition to accidental injury which may be definitely located as to the time when and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease."[6] Accordingly, the term "injury," as used in § 31-293 (a), refers to a work-related harm. See *Doucette* v. *Pomes*, 247 Conn. 442, 445–46, 724 A.2d 481 (1999) ("§ 31-293 . . . authorizes an injured employee to seek recovery from a third party, other than the employer, for work-related injuries caused by that third party"); *Durrschmidt* v. *Loux*, 230 Conn. 100, 103 n.3, 644 A.2d 343 (1994) ("§ 31-293 . . . provides that the employer shall notify the employee of any action brought by the employer against a third party with a legal liability to pay damages for the employee's work-related injury").

In his complaint against the defendants, the plaintiff described his injury as the loss of his right of action against Gavilanes based on the defendants' failure to prosecute his claim against Gavilanes.[7] The injury that

---

[6] General Statutes (Rev. to 1995) § 31-275 (16) (B) provides that the term "injury" does not include: "(i) An injury to an employee which results from his voluntary participation in any activity the major purpose of which is social or recreational, including, but not limited to, athletic events, parties and picnics . . .

"(ii) A mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease; or

"(iii) A mental or emotional impairment which results from a personnel action, including, but not limited to, a transfer, promotion, demotion or termination."

[7] The plaintiff specifically alleged in his complaint against the defendants that: (1) prior to the expiration of the statute of limitations, he retained the defendants to represent him in connection with personal injury claims relating to his motor vehicle accident; (2) the defendants agreed to represent him; (3) the defendants timely filed a workers' compensation claim on his behalf in connection with the injuries that he had sustained from the accident, but failed to file a third party action against the driver who caused the accident; (4) the defendants agreed to represent the plaintiff with skill, competence and diligence in accordance with the standard of care for

the plaintiff alleged in his malpractice action thus does not qualify as the type of injury contemplated by § 31-293 (a) because it is unrelated to the plaintiff's work. See General Statutes (Rev. to 1995) § 31-293 (a). Furthermore, there can be no mistake that the legal injury that the plaintiff alleged in his legal malpractice action is separate and distinct from the plaintiff's work-related injury because the complaint itself describes and distinguishes the underlying work-related injury for which the defendants were retained to bring an action against Gavilanes.[8] Accordingly, we conclude that the legal injury that formed the basis of the plaintiff's legal malpractice claim was not a work-related injury under § 31-293 (a) and, therefore, is not compensable under the Workers' Compensation Act.

Our determination that the "injury" contemplated by the statute does not encompass the injury alleged by the plaintiff in his legal malpractice action against the defendants is further supported by our construction of the term "third persons" contained in § 31-293 (a). General Statutes (Rev. to 1995) § 31-293 (a) allows an employee to claim workers' compensation benefits

attorneys performing such work in the state of Connecticut; (5) the defendants deviated from that standard of care; and (6) as a result of the defendants' negligence, the plaintiff could not be fully, fairly and reasonably compensated for all of the personal injuries and damages that he had sustained as a result of the accident.

[8] In his complaint, the plaintiff claimed that, "[a]s a result of the continual negligence and carelessness of the defendant[s], the plaintiff . . . was unable to recover monetary damages for the . . . painful, permanent, severe and disabling injuries which were caused, aggravated, accelerated or lighted up by [the motor vehicle accident, including] . . . severe physical and emotional distress, extreme pain and suffering, embarrassment, limitation of activities, scarring, disfigurement, inconvenience, disability, limitation of motion and [inability] to perform the household, recreational and normal duties, activities and functions as the plaintiff did before said occurrence," the expenditure of substantial sums of money for present and future medical treatment, the "permanent partial destruction of the plaintiff's earning capacity," and the apprehension and fear of future medical complications resulting from the injuries.

when the employee sustains an injury for which compensation is payable "under circumstances creating in *a third person* other than the employer *a legal liability to pay damages for the injury* . . . ." (Emphasis added.) The statute further permits an employer, who has paid or has become obligated to pay compensation, to "bring an action against the *third person* to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. . . . If . . . the employee . . . brings an action against the *third person,* he shall immediately notify the [employer] . . . and the [employer] may join as a party plaintiff in the action within thirty days after such notification, and, if the [employer] fails to join as party plaintiff, his right of action against the *third person* shall abate." (Emphasis added.) General Statutes (Rev. to 1995) § 31-293 (a). As the language of § 31-293 (a) indicates, the "third person" to which the statute refers is the person in whom a legal liability has been created to pay damages for the employee's work-related injury. In the present case, the injury alleged in the plaintiff's legal malpractice action did not arise out of the plaintiff's employment but, rather, out of the defendants' failure, long after the work-related injury occurred, to prosecute a claim against Gavilanes. Accordingly, the defendants did not cause the plaintiff's work-related injury and, therefore, do not qualify as "third persons" who have a legal liability to pay for the injuries sustained by the plaintiff in his accident with Gavilanes.

Our case law, particularly *Dodd* v. *Middlesex Mutual Assurance Co.*, 242 Conn. 375, 698 A.2d 859 (1997), supports the view that the terms "third party" and "third person," in the context of § 31-293 (a), refer to the *actual* tortfeasor who caused the work-related injury.[9]

[9] The city's argument that it has the right to intervene based on principles of subrogation, as discussed in *Stavola* v. *Palmer*, 136 Conn. 670, 677, 73 A.2d 831 (1950), has no merit. In order to be considered derivative of the employee's claim, the employer's claim must be "one of subrogation to the right of the injured employee to recover for the tort committed against him."

See id., 383, citing *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 537, 582 A.2d 1174 (1990) (construing § 31-293 to allow employers to intervene in actions against tortfeasors); *Stavola* v. *Palmer*, 136 Conn. 670, 677, 73 A.2d 831 (1950) (employer's right of reimbursement under predecessor statute to § 31-293 based on theory that employer "has satisfied an obligation to his employee which was primarily the obligation of the tort feasor"); *Stulginski* v. *Cizauskas*, 125 Conn. 293, 298, 5 A.2d 10 (1939) (predecessor to § 31-293 allowed employer to seek reimbursement from "third party who commits . . . tort"); *Geraty* v. *Kaufman*, 115 Conn. 563, 568, 162 A. 33 (1932) (referring to third person in predecessor to § 31-293 as "wrongdoer"). In *Dodd*, we also noted that "the legislature [has] failed to amend § 31-293 (a) despite past decisions by this court using the terms 'third party' and 'tortfeasor' interchangeably." *Dodd* v. *Middlesex Mutual Assurance Co.*, supra, 386.

We further note that, if we were to accept the city's interpretation of the statute, not only would the city be permitted to *intervene* in the plaintiff's legal malpractice action against the defendants, but it also necessarily would be permitted to bring an action against the defendants *directly*. See General Statutes (Rev. to 1995) § 31-293 (a) (permitting employer to intervene in employee's action against third person in whom legal liability has been created or to bring direct action against such person). Such an interpretation would require us to ignore our precedent that, "[a]s a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of services." *Krawczyk* v. *Stingle*, 208 Conn. 239, 244, 543 A.2d 733 (1988).

Id. The "tort" in the present case, however, was the work-related injury caused by Gavilanes, not the defendants' alleged negligence or breach of contract in failing to file an action against Gavilanes. The city's claim thus cannot be considered "derivative" because the plaintiff does not allege that the defendants caused the plaintiff any work-related injury as required under § 31-293 (a).

We also bear in mind that, because the provisions of § 31-293 (a) allowing an employer "to bring or to intervene in an action against a third party is a clear deviation from the common law"; *Dodd* v. *Middlesex Mutual Assurance Co.*, supra, 242 Conn. 383; this statute, as with other statutes in derogation of the common law, "should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of [statutory] construction." (Internal quotation marks omitted.) Id., 379–80. Thus, "[the] statutory grant of right must be . . . limited to those matters clearly within its scope." Id., 383.

The city concedes that, although the plaintiff's claim for damages against the defendants includes compensation for all of the personal injuries and damages caused by the motor vehicle accident, "the malpractice defendants were not directly or immediately liable for the injuries suffered by [the plaintiff] . . . ." The city nonetheless asserts that, because the measure of damages arising from the legal malpractice action is similar to the measure of damages stemming from the work-related injury caused by Gavilanes, the defendants are third persons within the meaning of § 31-293 (a) and "have a legal liability to pay damages for the [work-related] injury." The concept of "damages," however, is distinct from the legal injury[10] from which damages arise. E.g., *Oklahoma City* v. *Hopcus*, 174 Okla. 186, 187–88, 50 P.2d 216 (1935) ("[t]here is a clear distinction between injury and damages"); *North Vernon* v. *Voegler*, 103 Ind. 314, 319, 2 N.E. 821 (1885) ("['Injury' and 'damages']

___

[10] As we noted previously in this opinion, the term "injury," as used in § 31-293 (a), connotes a work-related harm, which should be distinguished from a legal injury, which constitutes "the illegal invasion of a legal right . . . ." (Internal quotation marks omitted.) *Beverly Hills Concepts, Inc.* v. *Schatz & Schatz, Ribicoff & Kotkin*, 247 Conn. 48, 78, 717 A.2d 724 (1998), quoting *DiNapoli* v. *Cooke*, 43 Conn. App. 419, 427, 682 A.2d 603, cert. denied, 239 Conn. 951, 686 A.2d 124 (1996), cert. denied, 520 U.S. 1213, 117 S. Ct. 1699, 137 L. Ed. 2d 825 (1997).

are . . . words of widely different meaning . . . . [T]hey describe essentially different things."). " 'The word "injury" denotes the illegal act; the term "damages" means the sum recoverable as amends for the wrong. The one is the legal wrong to be redressed, the other the scale or measure of recovery.' " *Oklahoma City* v. *Hopcus*, supra, 188; see also *American Stevedores, Inc.* v. *Porello*, 330 U.S. 446, 450 n.6, 67 S. Ct. 847, 91 L. Ed. 1011 (1947) (term "damages" connotes "a compensation in money for a loss or damage" [internal quotation marks omitted]). "Damages flow from an injury"; 4 Restatement (Second), Torts § 902, comment (a), p. 453 (1979); and the mere fact that a similar measure of damages may flow from two different injuries, as in the present case, does not convert liability for damages stemming from one injury into liability for damages stemming from the other.

Because the injury alleged by the plaintiff in his legal malpractice action is distinct from the injury that the plaintiff had sustained in the motor vehicle accident, the damages resulting from the former cannot be equated with the damages stemming from the latter, even though the measure of the damages may be similar. Consequently, we reject the city's argument that the defendants qualify as "third persons" other than the employer who are legally liable for the plaintiff's work-related injury pursuant to § 31-293 (a).

The city further argues that, "[t]he defendants, in effect, are surrogates for the [third person], stepping into [such person's] shoes insofar as liability for damages from the injury [is] concerned." We reject this argument because, as this court previously has observed in a similar context, "the mere fact that the [defendant's] obligation to the [plaintiff] is measured by the damages caused by the tortfeasor does not, of itself, transform the [defendant] into a surrogate for the tortfeasor for the purposes of § 31-293 (a)." *Dodd*

v. *Middlesex Mutual Assurance Co.*, supra, 242 Conn. 385. Accordingly, the "injury" that formed the basis of the plaintiff's legal malpractice action and the "third persons" allegedly responsible for that injury do not fall within the ambit of § 31-293 (a).[11] The city thus has not sustained its burden of demonstrating that it has standing under § 31-293 (a) to intervene in the plaintiff's legal malpractice action against the defendants.

The city also argues that a construction of § 31-293 (a) precluding it from intervening in the plaintiff's malpractice action would entitle the plaintiff to a double recovery in contravention of public policy. We do not agree.

As we previously have noted, General Statutes (Rev. to 1995) § 31-293 (a) provides that "any employer having paid, or having become obligated to pay, compensation . . . may bring an action against the third person to recover any amount that he has paid or has become

---

[11] We note that the twin goals of the Workers' Compensation Act likewise support our construction of § 31-293 (a). As we have observed, "our [Workers' Compensation Act] represents a complex and comprehensive statutory scheme balancing the rights and claims of the employer and the employee arising out of work-related personal injuries." (Internal quotation marks omitted.) *Quire* v. *Stamford*, 231 Conn. 370, 375–76, 650 A.2d 535 (1994), quoting *Durniak* v. *August Winter & Sons, Inc.*, 222 Conn. 775, 781, 610 A.2d 1277 (1992). Thus, one goal of the act "is to provide compensation for injuries *arising out of and in the course of employment*, regardless of fault"; (emphasis added; internal quotation marks omitted) *Dodd* v. *Middlesex Mutual Assurance Co.*, supra, 242 Conn. 381, quoting *Klapproth* v. *Turner*, 156 Conn. 276, 279, 240 A.2d 886 (1968); while another goal is to ensure "that . . . the ultimate loss [falls] upon the wrongdoer"; *Dodd* v. *Middlesex Mutual Assurance Co.*, supra, 384; by "allowing the employer to take action in order to recover the workers' compensation benefits it was legally obligated to pay to its injured employee . . . ." Id. With these goals in mind, it becomes clear that the injury that the defendants allegedly caused did not arise out of or in the course of the plaintiff's employment, and that the ultimate loss would not fall on the actual wrongdoer within the meaning of § 31-293 (a) if the employer could obtain reimbursement for the compensation benefits it had paid to the plaintiff from any award against the defendants.

obligated to pay as compensation to the injured employee." Furthermore, the employer generally must bring such an action within two years. See General Statutes § 52-584. We repeatedly have recognized that a goal of the Workers' Compensation Act is to prevent an injured employee's double recovery for the same injury. E.g., *Cardenas* v. *Mixcus*, 264 Conn. 314, 326, 823 A.2d 321 (2003); *King* v. *Sultar*, 253 Conn. 429, 445, 754 A.2d 782 (2000); *Dodd* v. *Middlesex Mutual Assurance Co.*, supra, 242 Conn. 387. Notwithstanding this goal and the employer's corresponding right of action, however, we also have held that, "[a]lthough one purpose of § 31-293 is to avoid double recovery, it does not protect those who are less than vigilant in safeguarding their own legal rights." (Internal quotation marks omitted.) *Skitromo* v. *Meriden Yellow Cab Co.*, 204 Conn. 485, 490, 528 A.2d 826 (1987). Thus, those employers who refrain from exercising their rights under § 31-293 (a) within the applicable time period and "who fail to avail themselves of [the statute's] benefits for no justifiable reason"; (internal quotation marks omitted) id.; cannot invoke the policy against double recovery as justification for reimbursement after their rights have expired through inaction. See *Pokorny* v. *Getta's Garage*, 219 Conn. 439, 461–62, 594 A.2d 446 (1991). In such cases, we have maintained that "the employee [is] permitted to insulate himself from his employer's untimely claim for reimbursement out of his third party recovery"; id., 462; and that "[a]ny unfairness . . . [effectuated by a double recovery] is due to the [party's] own failure to comply with the statutory timetable." *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 490.[12]

---

[12] We are mindful that, in *Skitromo* v. *Meriden Yellow Cab Co.*, supra, 204 Conn. 489, the employer failed to *intervene* in the employee's third party action in a timely manner, whereas, in the present case, the city failed to bring a timely action against the tortfeasor directly. We nevertheless believe that the principle announced in *Skitromo*, that when an employer "fail[s] to comply with the statutory procedure, any right of the [employer] to the

In the present case, the city, by its own admission, voluntarily elected to forgo bringing a direct action against Gavilanes. Had the city desired to recover directly from Gavilanes for its payment of workers' compensation benefits to the plaintiff, it could have, and should have, done so within the time prescribed by the applicable statute of limitations. As the city elected to forfeit this right, thereby creating the circumstance under which a double recovery could become possible, it cannot now seek a backdoor entry to the recovery of the compensation benefits it has paid to the plaintiff.[13] We therefore reject the city's argument that a construction of § 31-293 (a) barring its intervention in the plaintiff's malpractice case would result in an impermissible double recovery in contravention of the policies underlying the statute.

The city relies on *Nichols* v. *Lighthouse Restaurant*, 246 Conn. 156, 169, 716 A.2d 71 (1998), for the proposition that "this court has previously rejected the argument that an employer should not be permitted to intervene in an employee's third party action after the running of the two year statute of limitations because the employer could have timely filed its own independent action but did not." We find the facts of *Nichols* inapposite.

In *Nichols*, the employer appealed from the judgment of the Appellate Court; see id., 161; which concluded that "an employer's timely intervention under § 31-293 (a) does not extend or toll the applicable [two year]

[employee's] third party recovery . . . [is] extinguished"; id., 489–90; applies equally to the present case.

[13] We have recognized that § 31-293 "protects an injured employee by allowing the employee to sue a third party tortfeasor in a private cause of action for damages, such as pain and suffering, *that are uncompensated by a workers' compensation award.*" (Emphasis added.) *Durniak* v. *August Winter & Sons, Inc.*, 222 Conn. 775, 779, 610 A.2d 1277 (1992). Thus, we note that such damages, to the extent that the plaintiff claims them, would not fall within the scope of a double recovery. See id.

statute of limitations." Id., 159, citing *Nichols* v. *Lighthouse Restaurant, Inc.*, 46 Conn. App. 712, 718, 700 A.2d 114 (1997). The employee fell and sustained injuries in the course of employment on August 20, 1991, at a restaurant operated by the third party tortfeasor. *Nichols* v. *Lighthouse Restaurant, Inc.*, supra, 246 Conn. 159. Thereafter, the employee brought a negligence action against the third party tortfeasor on August 4, 1993, pursuant to § 31-293 (a); id.; sixteen days prior to the expiration of the two year statute of limitations applicable to such actions. See id., citing General Statutes § 52-584. Upon proper notice from the employee, the employer intervened in the employee's negligence action on September 1, 1993. Id. Although the employer intervened within thirty days of the employee's notice of the action, as § 31-293 (a) requires, it nevertheless did so after the expiration of the two year statute of limitations. See id.

Upon these facts, we reversed the judgment of Appellate Court; id., 170; and held that "an intervening employer's compliance with § 31-293 (a) tolls the statute of limitations if an employee had timely filed a claim against a third party tortfeasor." Id., 165. We found it "significant" that allowing the employer to intervene under the facts of that case would result in "toll[ing] the statute of limitations for, at most, thirty days." Id., 166–67. Moreover, we stated that "the strong public policy against double recovery outweighs any remote possibility of prejudice to a third party tortfeasor that could arise from a thirty day tolling of the applicable statute of limitations." Id., 168. Thus, we concluded that § 31-293 (a) permits an employer to intervene in an employee's timely action against the tortfeasor when the employer intervenes within thirty days of timely notice by the employee, as required by § 31-293 (a), regardless of whether the employer's intervention

occurs after the expiration of the applicable statute of limitations. See id., 170.

Our holding in *Nichols* presupposes the existence of certain facts that do not exist in the present case, specifically, that: (1) the injured employee has filed an action against the *third person*, who caused a *compensable injury* under § 31-293 (a), within the time period prescribed by the applicable statute of limitations; and (2) the employer timely has intervened in such action pursuant to the thirty day timetable set forth in § 31-293 (a). As neither of these circumstances exists in the present case, our holding in *Nichols* is inapposite. Accordingly, we reject the city's argument.

The city also relies on *Paternostro* v. *Edward Coon Co.*, 217 Conn. 42, 583 A.2d 1293 (1991), *Enquist* v. *General Datacom*, 218 Conn. 19, 587 A.2d 1029 (1991), and *Schiano* v. *Bliss Exterminating Co.*, 260 Conn. 21, 792 A.2d 835 (2002), for the propositions that, "[h]istorically this court has accepted the underlying legislative purpose of the Workers' Compensation Act as compelling evidence in construing the act," and that "[t]hese earlier decisions support that our act should be liberally construed to serve the legislative intent." Although we agree with the city that we previously have considered the goal of preventing double recovery when construing legislation in these and other cases; e.g., *King* v. *Sultar*, 253 Conn. 429, 444–45, 754 A.2d 782 (2000); *Dodd* v. *Middlesex Mutual Assurance Co.*, supra, 242 Conn. 387; *Gurliacci* v. *Mayer*, 218 Conn. 531, 570, 590 A.2d 914 (1991); *Enquist* v. *General Datacom*, supra, 26; *Paternostro* v. *Edward Coon Co.*, supra, 49; see also *Schiano* v. *Bliss Exterminating Co.*, supra, 45; we do not agree that this means that the policy against double recovery compels us to recognize the city's right to intervene in the plaintiff's legal malpractice action in light of the city's failure to exercise its rights under § 31-293 (a). The city, unlike the intervening plaintiffs in *Paternostro*,

*Enquist* and *Schiano*, sat on its rights by electing not to avail itself of the opportunity to bring an action directly against Gavilanes, the tortfeasor, within the time period prescribed by the applicable statute of limitations. Thus, while we seek to give effect to the goal of preventing double recovery, we cannot do so when an employer allows the very right that is designed to advance this goal to abate. Accordingly, we reject the city's double recovery argument.

The city also argues that our holding in *Dodd* "is not controlling precedent for affirming the trial court ruling." The city contends that *Dodd* does not support the denial of intervention in the plaintiff's legal malpractice action because the court in *Dodd* "relied, not on the pure language of . . . [§ 31-293 (a)], but instead examined: (1) the basis for the workers' compensation benefit system, (2) the policy reasons for permitting an employer to recover compensation payments made, and (3) the contractual nature of an uninsured motorist action." Thus, the city asserts that the court in *Dodd* "went beyond the language [of § 31-293 (a)] to determine [its] meaning" and argues that, contrary to the facts in *Dodd*, in the present case, "[n]o statute or regulation exists to limit a recovery by the plaintiff in a legal malpractice action because of workers' compensation benefits paid, other than § 31-293 (a) . . . ." Accordingly, the city maintains that, barring its intervention, the plaintiff will obtain a double recovery for his injuries. This argument has no merit.

Our interpretation of § 31-293 (a) correctly relies on both the text of the statute itself and on *Dodd* for the proposition that the term "third person," as used in § 31-293 (a), refers to the actual tortfeasor who caused the work-related injury. See *Dodd* v. *Middlesex Mutual Assurance Co.*, supra, 242 Conn. 383. The employer in *Dodd* appealed from the judgment of the trial court granting the motion of the defendant insurance com-

pany to strike the employer's intervening complaint in an action brought by the plaintiff employee against the defendant to recover uninsured motorist benefits for injuries sustained in an automobile accident. See id., 378. The principal issue in *Dodd* was whether the employer could obtain reimbursement for workers' compensation benefits it had paid to the employee pursuant to § 31-293 (a) from benefits awarded to the employee under his uninsured motorist policy. Id., 376–77. Although the plaintiff's legal malpractice action does not raise issues involving contractual liability, the present case is similar to *Dodd* in that the employers in both cases attempted to obtain reimbursement for benefits awarded to the injured employee from sources other than the tortfeasor. Moreover, the fact that the uninsured motorist policy in *Dodd* may have contained a setoff provision to prevent the plaintiff from receiving a double recovery is irrelevant in the present context, which is not governed by all of the statutory and regulatory provisions that were operative in *Dodd*. Accordingly, *Dodd* properly serves as precedent for our conclusion in the present case that the term "third person," as used in § 31-293 (a), must be construed to mean the actual tortfeasor.

The city further urges us to follow decisions in other jurisdictions. The city specifically argues that, although courts in other jurisdictions have addressed the issue of granting the employer's subrogation rights with conflicting results, "the better reasoned decisions have upheld the policy against a double recovery, rejecting an overly literalistic interpretation of the statutes." We decline the city's invitation to follow decisions in other jurisdictions with contrary holdings, however, when our own statutes and case law are clear.

The judgment is affirmed.

In this opinion the other justices concurred.