DUANE GEORGE *v.* TOWN OF WATERTOWN ET AL.
(AC 24867)

Schaller, West and McLachlan, Js.

Argued June 1—officially released October 19, 2004

*Edward S. Hyman*, for the appellant (plaintiff).

*John F. Conway*, with whom was *W. Glen Pierson*, for the appellees (defendants).

*Opinion*

McLACHLAN, J. The plaintiff, Duane George, appeals from the judgment of the trial court dismissing his three count complaint against the defendants, the town of Watertown (town) and the town planning and zoning commission (commission). On appeal, the plaintiff claims that the court improperly dismissed the complaint for lack of subject matter jurisdiction and argues that (1) his first two claims satisfy one or both of the exceptions to the rule against collateral attacks on zoning rulings and (2) his third claim is ripe for judicial consideration. We affirm in part and reverse in part the judgment of the trial court.

The relevant facts are as follows. On January 6, 1999, the plaintiff submitted to the commission a subdivision plan proposing to divide a single lot into two lots. On March 16, 1999, the commission approved his plan, subject to the condition that the plaintiff contribute to the town's "sidewalk fund" an amount later determined to be $4621.76.[1] The plaintiff paid that sum to the town on April 29, 2000; he did not appeal from the imposition of the sidewalk fund condition as permitted by General Statutes § 8-8. In May, 2002, two years after the plaintiff paid into the sidewalk fund, the town was advised by its attorney that the commission was not authorized to require contributions to the sidewalk fund under the enabling act, General Statutes § 8-25. Thereafter, the plaintiff demanded a return of his payment to the sidewalk fund. When the defendants refused, the plaintiff

---

[1] The commission did not require the installation of a new sidewalk, but instead required the plaintiff to pay the town an amount approximating such cost. The sidewalk fund was to be used by the town to install and repair sidewalks in its discretion.

initiated this action. Count one of the plaintiff's complaint sought a judicial declaration that the actions of the commission in creating and implementing the sidewalk fund were unlawful. Count two sought to recover from the town the money paid into the sidewalk fund under a theory of restitution. Finally, count three sought a judgment declaring that the subsequent amendment of the town regulations[2] is unlawful and unconstitutional. In response, the defendants filed a motion to dismiss the complaint on the ground that the court lacked subject matter jurisdiction. They claimed that as to counts one and two, the plaintiff had failed to exhaust his administrative remedies and that count three lacked ripeness for review. The court granted the motion to dismiss on November 17, 2003, and this appeal followed.

## I

A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. *Goodyear* v. *Discala*, 269 Conn. 507, 511, 849 A.2d 791 (2004). As that determination involves a question of law, our review is plenary. Id. "Under our exhaustion of administrative remedies doctrine, a trial court lacks

[2] Section 5.4 of the Watertown subdivision regulations originally provided: "Sidewalk and Ramps: The installation of sidewalks, pedestrian walkways, or ramps may be required on thoroughfares, in pedestrian easements, on local streets in the vicinity of schools and playgrounds, and in other places deemed proper by the Commission. When sidewalks are required, construction plans for the sidewalks shall be submitted and shall be shown on the plan and profile drawings required in § 4.3.2. All sidewalks shall be at least five feet wide."

Section 5.4 was amended on September 14, 2002, to include that "[t]he Commission may authorize as an option as part of the subdivision approval, the payment of a fee to a sidewalk fund of the Town of Watertown in lieu of installing the sidewalks. Such fee to be calculated by the Director of Public Works to reflect the average cost per linear foot of such construction. All monies to be collected shall be used exclusively for the construction of new sidewalks in areas being necessary for pedestrian safety as recommended to the Town Council by the Planning and Zoning Commission."

subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) *Drumm* v. *Brown*, 245 Conn. 657, 676, 716 A.2d 50 (1998). That the plaintiff failed to exhaust his administrative remedies is undisputed. By not timely appealing from the imposition of the sidewalk fund condition, the plaintiff placed in dire jeopardy his ability to challenge the condition later. See General Statutes §§ 8-8, 8-28.

In *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 96, 102, 616 A.2d 793 (1992), our Supreme Court "reaffirmed and applied the general rule that one may not institute a collateral action challenging the decision of a zoning authority." *Torrington* v. *Zoning Commission*, 261 Conn. 759, 767, 806 A.2d 1020 (2002). Because he did not exhaust his administrative remedies, the plaintiff must resort to two very narrow exceptions that have emerged from the general rule against collateral attacks of zoning commission actions. A collateral attack may be maintained only when "a previously unchallenged condition was so far outside what could have been regarded as a valid exercise of zoning power that there could not have been any justified reliance on it" or where "the continued maintenance of a previously unchallenged condition would violate some strong public policy." *Upjohn Co.* v. *Zoning Board of Appeals*, supra, 104–105. The plaintiff claims that he satisfies both exceptions. We disagree.

We consider the applicability of the two exceptions in turn. First, if we assume arguendo that the sidewalk fund was ultra vires, we must ask whether it was so far outside the purview of the zoning power that any reliance on it was unjustified. In *Torrington* v. *Zoning Commission*, supra, 261 Conn. 769, the first case in

which our Supreme Court defined the application of that exception, the court stated that the powers of a zoning commission include the power to determine whether "conditions of approval or modifications to the proposal are necessary to protect public health, safety, convenience and property values . . . ."

With that in mind, we conclude that the commission's action was not so far outside the valid exercise of zoning power that it warrants application of the exception. The sidewalk fund condition was designed to protect public safety and property values. The funds exacted from developers were to be used to construct and maintain sidewalks as necessary. Thus, because the commission's action, even if unauthorized, was the type of action legitimately conducted by zoning commissions, we cannot possibly say that it was so egregious that no one could have justifiably relied on it. In fact, all parties concerned believed it to be a valid exercise of zoning power until long after the sum had been paid and the parties had moved on.

Turning to the second exception, we consider whether the condition violates some strong public policy. The plaintiff argues that the strong public policy implicated is the public interest in the commission's faithful exercise of its duties. He claims that the commission violated the public trust when it disregarded the warning that the regulations under which it operated did not allow for exactions for off-site improvements. Although we agree that the public trust is a strong public policy, we conclude that it has not been violated here. The commission received notice that it may have exceeded its authority years after it had required the plaintiff to pay into the sidewalk fund. By the time the plaintiff demanded his money back, the commission reasonably concluded that it did not have to return the money because the plaintiff's appeal was time barred. Such action should not be counted as a violation of the

public trust, as the commission reasonably examined and acted in conformity with the law.

Accordingly, we conclude that neither of the *Upjohn Co.* exceptions to the rule against collateral attack applies. The court properly granted the defendants' motion to dismiss counts one and two of the plaintiff's complaint.

## II

We next consider whether count three of the plaintiff's complaint, seeking a judgment declaring that the subsequent amendment of the town regulations is unlawful and unconstitutional, is ripe for judicial consideration. We conclude that it is.

Ripeness is a justiciability doctrine. Because it implicates the court's subject matter jurisdiction, an issue regarding justiciability presents a question of law, and our review is plenary. See *Esposito* v. *Specyalski*, 268 Conn. 336, 347–48, 844 A.2d 211 (2004).

The defendants characterize the plaintiff's claim as a request for an advisory opinion and maintain that no actual controversy exists between the parties. "Our Supreme Court has consistently held that our courts may not render advisory opinions. . . . Such an opinion is one of advice and not of judgment as there are no parties whose rights are adjudicated, and it is not binding on anyone. . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Cita-

tions omitted; internal quotation marks omitted.) *Cumberland Farms, Inc.* v. *Groton*, 46 Conn. App. 514, 517, 699 A.2d 310 (1997), rev'd on other grounds, 247 Conn. 196, 719 A.2d 465 (1998), rev'd, 262 Conn. 45, 808 A.2d 1107 (2002).

In support of his ripeness argument, the plaintiff alleges three additional facts. First, the plaintiff presently owns land in Watertown. Second, he is in the business of residential construction and has been for more than ten years. Third, his business includes the purchase and development of residential lots for construction and sale. The plaintiff concedes that he does not currently have an application before the commission and that the commission has not attempted to enforce the amended sidewalk fund regulation against him. At the same time, it is undisputed that the commission has already once required the plaintiff to contribute to the sidewalk fund. Viewing the plaintiff's allegations in their most favorable light; see *Lagassey* v. *State*, 268 Conn. 723, 736, 846 A.2d 831 (2004); it is reasonable to conclude that the plaintiff is likely to confront the regulation in the future.

The need for justiciability and controversy in order to establish standing are met when a plaintiff makes a colorable claim that he has suffered or is likely to suffer harm. *Gay & Lesbian Law Students Assn.* v. *Board of Trustees*, 236 Conn. 453, 463–64, 673 A.2d 484 (1996). "Fully to carry out the purposes intended to be served by [declaratory] judgments, it is sometimes necessary to determine rights which will arise or become complete only in the contingency of some future happening. Even if the right claimed . . . is a contingent one, its present determination may well serve a very real practical need of the parties for guidance in their future conduct." *Sigal* v. *Wise*, 114 Conn. 297, 301–302, 158 A. 891 (1932).

In *Bombero* v. *Planning & Zoning Commission*, 40 Conn. App. 75, 76, 669 A.2d 598 (1996), a plaintiff land-

owner brought a declaratory judgment challenging the constitutionality of a subdivision regulation. The trial court denied relief because it concluded that there was no actual controversy between the parties, noting that the plaintiff had failed to file a subdivision application. This court reversed the judgment of the trial court and stated that "[t]he fact the plaintiff has not applied to subdivide his property is not determinative of whether the plaintiff has been adversely affected by the adoption of the regulation." Id., 87. We stated that declaratory judgment actions have been utilized "to determine the constitutionality of a statute or regulation without requiring the plaintiff to have first applied for relief under that statute or regulation." Id., 83.

The plaintiff in *Bombero* challenged the constitutionality of the regulation and claimed that "he is uncertain whether he is able to subdivide his property in accordance with the provisions of the regulation." Id., 87–88. We held that an owner of property that has the potential for subdivision "is entitled to be able to ascertain with reasonable certainty the validity of the adopted regulation and its affect on his rights as a property owner." Id., 88.

The plaintiff in the present case is a landowner seeking a declaratory judgment on the constitutionality of a subdivision regulation. His complaint alleges that the amended regulation "offers no standards or guidance to applicants as to when and under what conditions the commission will require sidewalks within the subdivision or will offer the option to pay a sidewalk fee." The complaint also alleges that the manner in which fees due to the sidewalk fund are calculated under the amended regulation violates article first, §§ 10 and 11, of the constitution of Connecticut.[3] Finally, the complaint

---

[3] Article first, § 10, of the constitution of Connecticut provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

alleges that the action taken by the commission in enacting the regulation is outside the scope of the authority vested in it by the provisions of § 8-25.[4]

Because the plaintiff is entitled to be able to ascertain with reasonable certainty the validity of the amended regulation and its effect on his rights as a property owner, his complaint presents a claim ripe for judicial consideration. Accordingly, we conclude that the plaintiff need not wait until the commission attempts to exact another payment to the sidewalk fund to challenge its constitutionality.

The judgment is reversed only as to count three of the complaint and the case is remanded for further proceedings in accordance with law. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

Article first, § 11, of the constitution of Connecticut provides: "The property of no person shall be taken for public use, without just compensation therefor."

[4] It is interesting that months prior to the regulation's amendment, the town was informed that the sidewalk fund was unlawful. At the town council's May 6, 2002 meeting, the town's attorney stated that "this [sidewalk] fund is not authorized by law to be exacted from subdivisions. . . . [J]ust because other municipalities have done it doesn't mean that it's legal. That's clear; there's no authority to do this."